SNEED, Circuit Judge:
 

 This case arises out of a construction contract for road work in the state of Missouri. Jomac Construction Company, the general cóñ'trác'tor for the project, subcontracted the excavation work to Gerald Harris Builder, Inc. (“GHB”). The present suit arose in the bankruptcy court because GHB filed for bankruptcy in 1987.
 

 When Jomac and GHB negotiated their contract, the parties did not know how much rock GHB would encounter in its excavation work. GHB negotiated a clause which allocated the risk of encountering unexpectedly large amounts of rock to Jo-mac. The clause read, “[a]ny required drilling and shooting of rock excavation will be done by Jomac at their expense.” The parties encountered more rock than they had expected. Jomac then paid GHB an additional amount to do the rock excavation.
 

 After completion of the project, Jomac and GHB brought a variety of claims and counterclaims against each other in bankruptcy court. The bankruptcy court held a bench trial and issued rulings, 91 B.R. 505. GHB then appealed to the district court on two issues: 1) a setoff Jomac was permitted based on project delays and 2) interest on a line of credit Jomac had granted GHB. The district court affirmed the bankruptcy court’s rulings. GHB appeals the district court’s decision.
 

 The district court had jurisdiction to review a final judgment of the bankruptcy court pursuant to 28 U.S.C. § 158 (1988). This court has jurisdiction pursuant to 28 U.S.C. § 1291 (1988). On an appeal from the bankruptcy courts, we stand in the shoes of the district court and apply the
 
 *1069
 
 same standards of review. We therefore review the factual findings of the bankruptcy court under the clearly erroneous standard and the legal conclusions under the de novo standard.
 
 Wegner v. Grunewaldt,
 
 821 F.2d 1317, 1320 (8th Cir.1987).
 

 1.
 
 The Liquidated Damages Charges
 

 The road was not completed on schedule. As a result, Jomac had to pay the state $77,000 in liquidated damages for the delay. The contract between Jomac and GHB contained a clause stating that if the state demanded liquidated damages for delays, Jomac could charge GHB for the portion of the delay attributable to GHB. Jomac charged GHB eighty percent of the $77,000.
 

 The parties disagree about why the road was not completed on time. GHB claims that the project was delayed because there was so much unexpected rock and because of problems the contractor encountered unrelated to the excavation work. Jomac claims that the delays were caused eighty percent by excavation delays. Jomac claims further that because GHB agreed to do the extra rock work and knew about the project deadline, GHB assumed responsibility for any delays caused by rock.
 

 The bankruptcy court found that because the contract gave Jomac ultimate responsibility for drilling and shooting rock, Jomac assumed responsibility for any delays caused by these activities. The court found further that Jomac and GHB each contributed to a portion of the delay. Finally, the court determined that each of the parties should be responsible for fifty percent of the delay charges. Order of Nov. 30, 1988,
 
 Gerald Harris Builder, Inc. v. Jomac Constr. Co.,
 
 No. 87-00866, at 21 (Bankr.E.D.Mo.)
 
 reprinted in
 
 Joint Appendix at 68,
 
 Gerald Harris Builder, Inc. v. Jomac Constr. Co.,
 
 No. 90-2299. We have reviewed the bankruptcy court’s rulings and find that they are not clearly erroneous.
 

 2.
 
 Interest on the Line of Credit
 

 During the project, both GHB and Jomac became concerned that GHB would not have the cash flow to pay its suppliers and that the project could be jeopardized. In response, Jomac gave GHB a line of credit which GHB could draw on to pay its bills. The credit agreement entitled Jomac to charge interest whenever the amount advanced exceeded the amount Jomac owed GHB under the payout schedule of various projects. Jomac asked the bankruptcy court to award this interest.
 

 The bankruptcy court awarded the interest Jomac requested. GHB appeals on two grounds. First, GHB argues that the contract was void due to failure of consideration because: 1) Jomac was only advancing money it would owe GHB later; 2) Jomac refused to advance money to pay the tax bill contrary to the agreement;
 
 [1]
 
 and 3) Jomac had contributed to GHB’s cash flow problems.
 

 GHB’s claim of a failure of consideration lacks merit. Even if Jomac was only advancing money that it would owe later, GHB received consideration by getting the money early. In addition, the fact that Jomac may have contributed to GHB’s financial problems is irrelevant here. Finally, the fact that Jomac did not initially pay GHB’s tax obligation does not prove lack of consideration. Even if GHB is correct that the tax bill was the major reason for the agreement and that the agreement obligated Jomac to pay the tax bill, GHB’s own brief states that Jomac eventually paid the bill under pressure from the IRS. Thus, there is no failure of consideration here.
 

 GHB argues in the alternative that if the contract is valid, Jomac has calculated the interest improperly. GHB points to the fact that the bankruptcy court awarded GHB certain payments based on a variety of work. Thus, according to GHB, Jomac actually advanced less money that it claimed, and GHB owes less interest.
 

 
 *1070
 
 This claim also lacks merit. The bankruptcy court found that the amounts Jomac owed GHB were “extras” which the parties had agreed would be paid at the end of the projects. Thus, these amounts would not have been owed to GHB at the time Jomac advanced funds. Therefore, GHB still owes interest on these funds.
 

 GHB disputes the bankruptcy court’s finding that the parties agreed that these extras would not be paid until the end. Nevertheless, we are bound by factual determinations of the bankruptcy court unless those determinations are clearly erroneous.
 
 Wegner v. Grunewaldt,
 
 821 F.2d 1317, 1320 (8th Cir.1987). We find that the bankruptcy court’s determination that the parties agreed to pay these sums at the end of the projects was not clearly erroneous. Thus, the bankruptcy court did not err in awarding interest or in calculating the amount of interest.
 

 The opinion of the district court is AFFIRMED.
 

 [1]
 

 . Jomac claims that the agreement was intended only to pay GHB’s suppliers and that Jomac was not obligated to advance tax money.