**In re Joseph Herman HALE,**
**Eva Marie Hale, Debtors.**

**Joseph Herman HALE; Eva Marie Hale;**
**Sheila Hartje; Shelly Hull; Sherry**
**Hale, Appellants,**

**Richard Martin**

v.

**Thomas J. CARLSON, Trustee, Appellee.**

No. 91–3244.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1992.

Decided Dec. 2, 1992.

John Ahrens, Fayetteville, Ark., argued (M. Corrinne Corley, on the brief), for appellants.

June Clark, Springfield, Mo., argued for appellee.

Before WOLLMAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and LOKEN, Circuit Judge.

BRIGHT, Senior Circuit Judge.

This case is an appeal from the United States District Court's [1] affirmance of a bankruptcy court's [2] ruling, granting the Trustee's motion for damages for purposeful violation of the Bankruptcy Code's automatic stay provision.

## I.

Joseph and Eva Hale (the Hales) filed a Chapter 12 bankruptcy, which later was involuntarily converted to a Chapter 11 proceeding. On May 27, 1988, United States Bankruptcy Judge Karen M. See heard two matters: (1) an adversary proceeding brought by the Hales against the creditors, and (2) a motion the creditors brought seeking appointment of a trustee. Judge See ruled in favor of the creditors on the adversary proceeding and appointed a trustee.

The bankruptcy court also found that the Hales had attempted to hide certain assets. The matter was subsequently converted to a Chapter 7 proceeding, after which the Trustee liquidated, but did not distribute, the Hales' assets.

On June 26, 1989, the Trustee sought approval of a compromise settlement between the bankruptcy estate and an interest the estate had in the probate estate of Thomas Graves, Eva Hale's father. In a document dated March 17, 1982, Eva assigned this interest to her three daughters Sherry Hale, Sheila Hartje and Shelly Hull (the Hale daughters). The Trustee also filed a complaint seeking recovery of monies the Graves' estate had partially distributed to the Hale daughters and the value of certain horses the Hales had sold to them approximately one year prior to filing for bankruptcy.

On September 19, 1989, the personal representative of the probate estate, Richard Martin, was deposed in the bankruptcy case. Shortly thereafter, Martin contacted the United States Attorney's Office in Springfield, Missouri stating he wished to recant his testimony. Then, on October 3, 1989, Martin met with the Trustee's attorney June Clark, an attorney for one of the creditors Harold "Topper" Glass and a person from the United States Attorney's Office. Neither the Hales, intervenors nor Hale daughters were invited to the meeting.

In the meantime, the Hales filed a motion in the bankruptcy proceeding asking the judge to recuse herself. The Hale daughters filed a similar motion in the adversary proceeding. The two motions were summarily dismissed, and, on October 5, 1989, the bankruptcy trial began.

At trial, Martin testified he had converted in excess of $45,000 of the Graves' estate to his own personal use. He explained how, in 1988, he created a phony assignment agreement, which he backdated to 1982, to make it appear the Graves' estate

---

1. The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri.

2. The Honorable Karen M. See, United States Bankruptcy Judge for the Western District of Missouri.

had been assigned to the Hale daughters before the bankruptcy action was filed.[3]

Based on Martin's testimony, the bankruptcy court found that the Graves' estate property was transferred after the bankruptcy was filed, and, thus, the transfer violated the automatic stay imposed under the Bankruptcy Code. The bankruptcy court approved the settlement between the two estates and awarded the Trustee damages for the value of the horses.

The Trustee then filed for damages for violation of the automatic stay. The Hales and their daughters sought a stay of the proceedings, which the bankruptcy court denied.

The case was tried and the bankruptcy court ruled in favor of the Trustee. The district court affirmed, and the Hales and their daughters (the appellants) bring this appeal.[4]

## II.

We review the district court's ruling here as if we were hearing the appeal from the bankruptcy court anew. We thus review the bankruptcy court's findings of fact under a clearly erroneous standard and its legal conclusions under a *de novo* standard. *In re Leser*, 939 F.2d 669, 671 (8th Cir.), *reh'g denied* (1991); *In re Gerald Harris Builder, Inc.*, 927 F.2d 1067, 1068–69 (8th Cir.1991).

## III.

The appellants first argue the district court erred in affirming Judge See's refus-

al to recuse herself in the bankruptcy proceeding.[5]

The duty of a federal judge to recuse him or herself is governed by 28 U.S.C. § 455(a) (1988), which provides:

Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

The statute by its very wording employs an objective reasonableness standard. *Gray v. University of Arkansas at Fayetteville*, 883 F.2d 1394, 1397 (8th Cir.), *reh'g denied* (1989).[6] A motion for recusal rests in the "sound discretion of the trial judge and the standard of review on appeal is whether the judge abused his or her discretion." *United States v. Walker*, 920 F.2d 513, 516 (8th Cir.1990) (quoting *Gilbert v. City of Little Rock*, 722 F.2d 1390, 1399 (8th Cir. 1983), *cert. denied*, 466 U.S. 972, 104 S.Ct. 2347, 80 L.Ed.2d 820 (1984)).

We have examined the record and cannot say Judge See abused her discretion in refusing to recuse herself.

## IV.

The appellants next argue the district court erred in affirming the bankruptcy court's refusal to grant a stay of the proceedings for the period the appellants were under investigation by the United States Attorney's Office.

At the bankruptcy hearing on October 4, 1989, David Jones, an Assistant United States Attorney, advised the appellants that Richard Martin was in protective custody and would be testifying in the bank-

---

**3.** Martin testified he was closing his practice and had surrendered his license.

**4.** This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1291 (1988).

**5.** The appellants argue the judge was biased against the debtors' law firm of Arens & Alexander as set forth in an affidavit filed early on in the proceeding by a partner of the firm. In the affidavit, the partner advised the Hales to seek other counsel because the firm believed Judge See was biased against them as a result of a previous bankruptcy action. *In re J.W. and Charlene Kingsley, Debtors*, Case No. 89–30261–SW–12. The appellants assert that in the earlier

case, Judge See advised the debtor party not to hire the Arens & Alexander firm. Finally, the appellants argue Judge See's bias against them is reflected in a comment she made on the record that she expected the Hales to invoke *their fifth amendment rights against self-incrimination.*

**6.** A judge is to consider "all circumstances both public and private," and make a determination as to whether a reasonable, uninvolved person might question the judge's impartiality. *Gilbert v. City of Little Rock*, 722 F.2d 1390, 1399 (8th Cir.1983), *cert. denied*, 466 U.S. 972, 104 S.Ct. 2347, 80 L.Ed.2d 820 (1984).

ruptcy case under a grant of immunity from the United States Attorney's Office. Jones also informed the appellants he was pursuing indictments against them. The indictments arose from Richard Martin's recanted deposition testimony in which Martin implicated the appellants in criminal actions relating to their roles in the assignment of Eva Hale's interest in the Graves' estate.

Faced with this new testimony, Eva Hale's attorney advised Eva to invoke her fifth amendment rights until her attorney had an opportunity to investigate the possible charges. The appellants then each moved for a continuance of the hearing on the grounds they were surprised by the new evidence. The bankruptcy court denied their motions.

Joseph Hale was served with a subpoena to testify at the hearing. The bankruptcy court ordered him sworn and he invoked his fifth amendment rights.

The Trustee subsequently brought a motion for damages for violating the automatic stay. The appellants moved for a stay of the proceedings until the criminal actions were resolved, arguing that to hear the damages motion any earlier would infringe upon the fifth amendment rights of the appellants. The bankruptcy court denied the motion for a stay on January 31, 1990. The appellants appealed and before the matter was heard, the bankruptcy court granted a thirty-day continuance. The Trustee reset the hearing and the appellants again moved for a stay, which was denied.

The Hale daughters sought a jury trial, which the bankruptcy court denied. They filed an interlocutory appeal, which was also denied. They then filed a Petition for Writ of Certiorari, which is pending as of the time of this opinion. The appellants argue that, until their right to a jury trial is exhausted, they should not be required to continue in the bankruptcy action.

The appellants argue here the bankruptcy court erred in denying the stay because, in effect, this forced the appellants to choose between protecting their civil interests in the bankruptcy proceedings and their fifth amendment rights in the criminal proceedings. They urge us to follow *In the Matter of Supermercado Gamboa, Inc. v. Camara De Commerciantes Mayoristas De Puerto Rico, Inc.*, 68 B.R. 230, 234 (Bankr.D.P.R.1986), where the bankruptcy court in Puerto Rico noted that equitable relief may not be granted based on a "generalized, nonspecific, [showing of] detrimental impact." The appellants contend the detrimental impact to them from the bankruptcy court's denial of their motion for a stay was the particularized and specific abridgement of their fifth amendment right against self-incrimination and their seventh amendment right to a jury trial.

A bankruptcy court has both statutory authority, 11 U.S.C. § 105 (1988), to prevent abuses of process, and common law precedent, *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 1003 (4th Cir.), *cert. denied*, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986), to exercise its equitable powers. In exercising the latter, a bankruptcy court is compelled to weigh the benefits of providing an equitable order against the attending harm suffered by the interest against whom the order is imposed. *See A.H. Robins*, 788 F.2d at 1003.

We are dissuaded here from finding that the bankruptcy court had an affirmative obligation to exercise its equitable power to enter a stay in the bankruptcy proceeding below. The appellants provide us with no authority indicating a bankruptcy court is compelled to grant a stay of proceedings, when such testimony constitutes an election between protecting civil interests in a bankruptcy proceeding and safeguarding fifth and seventh amendment rights in a criminal action.

The appellants were free to protect or further their interests in the bankruptcy court by choosing to testify or not at the October 4 hearing. Their testimony there was neither compelled nor would such testimony have abridged or contradicted previous statements or positions held by them in the civil proceeding.

We discern no error by the bankruptcy court in denying the motion for stay, nor

error by the district court in affirming that action.

Other matters raised in this appeal lack merit.[7]

Affirmed.[8]

---

7. The appellants also contend the district court erred: (1) in affirming the manner in which the bankruptcy court directed the appellants to present their case, and (2) in not ruling there was insufficient evidence to sustain the Trustee's willful violation of the stay motion.

8. Although we have some question whether any damage claim has been substantiated against the Hale daughters, the appeal failed to raise this issue.