In re Wendell JETER and Betty Jeter, Debtors.

Doran SHUBERT, Appellant,

v.

Wendell JETER, et al., Appellees.

Bankruptcy Nos. 93–60788, 94–3419–CV–S–4.
Adv. No. 93–6068.

United States District Court, W.D. Missouri, Southern Division.

Feb. 13, 1995.

Lincoln Knauer, Farrington & Curtis, Springfield, MO, for appellant.

Traci Turner, Carmichael, Gardner & Clark, Springfield, MO, for trustee.

Raymond I. Plaster, Springfield, MO, for Tri–Lakes.

James R. Doran, Springfield, MO, for Jeter.

Cynthia B. McGinnis, Springfield, MO, for Osmond.

## *ORDER*

RUSSELL G. CLARK, Senior District Judge.

Appellant Doran Shubert appeals a decision of the Bankruptcy Court and files a brief in support of his appeal. Thomas J. Carlson, trustee for the estate, has filed a brief in opposition to the appeal. Appellant Shubert filed a reply brief. Appellant Shubert has also filed a motion for stay on appeal and suggestions in support of his motion. For the following reasons, the decision of the bankruptcy court will be affirmed and appellant's motion for stay will be denied as moot.

### *Jurisdiction of this Court*

This case comes before the court on appeal from the Bankruptcy Court in the Western District of Missouri, Southern Division, pursuant to 28 U.S.C. § 158(a). This provision vests jurisdiction of an appeal in the district court sitting where the bankruptcy judge is serving.

### *Applicable Standard of Appellate Review*

District courts are to apply the "clearly erroneous" standard when reviewing the factual findings of the bankruptcy court. *In re Hunter,* 771 F.2d 1126, 1129 n. 3 (8th Cir.1985); *In re Gerald Harris Builder, Inc.,* 927 F.2d 1067, 1069 (8th Cir.1991). This Court is bound by the findings of fact made by the bankruptcy court unless it determines them to be clearly erroneous. *In re Hunter,* at 1129 n. 3. This Court reviews the legal conclusions made by the bankruptcy court under the de novo standard. *In re Gerald Harris Builder, Inc.,* at 1069; *Wegner v. Grunewaldt,* 821 F.2d 1317, 1320 (8th Cir. 1987).

### *Brief Statement of Facts*

The Court adopts the bankruptcy court's statement of facts included in its memorandum and order dated September 14, 1994, and sets forth a very brief summary of the facts. In May of 1984, Doran Shubert loaned $105,000.00 to Wendell and Betty Jeter in the

form of an unsecured loan. A promissory note was executed in that amount to be due in one year. In short, payment was never made on the note. The Jeters invested the money in a vacation resort which they eventually sold. The Jeters used the funds from the sale to purchase another hotel and ended up seeking relief under a Chapter 11 bankruptcy petition. The money received from the remaining proceedings was used to purchase a certificate of deposit at the Ozark Mountain Bank.

Shubert filed suit for non-payment of the promissory note in August 1986. While the suit was pending, the Jeters moved to California, taking some of the money from the Ozark Mountain Bank with them. In California they purchased a business which was later sold. They moved back to Missouri in February of 1990 and moved their assets into accounts at the same Ozark Mountain Bank. The accounts were operated in the names of the Jeters and in the name of the Jeter's son, Farrell Jeter. The Jeters were involved in the business of buying and selling realty. They had several named corporations. Accounts for the corporations were kept in Farrell Jeter's name. The Jeters admitted they had their son execute a power of attorney to them which allowed the Jeters to buy and sell realty and operate bank accounts under the name of Farrell Jeter which allowed Wendell and Betty Jeter to frustrate their creditors.

In September 1990, Shubert's lawsuit on the promissory note was tried in Taney County, Missouri. On February 22, 1991, Judge James Eiffert rendered a judgment against the Jeters in the amount of $267,-000.00 which represented the amount of the promissory note of $105,000.00 plus interest accrued to that time and attorney's fees. Post-judgment interest accrues at the contract rate of 13%.

In October 1991, Shubert attempted to garnish the accounts of the Jeters. Due to Wendell and Betty's actions of having their checking accounts in their son's name, the garnishment was largely unsuccessful. The garnishment attached only to an account with Wendell and Betty's name on it. Thus, the Jeters were successful in keeping their funds

from Shubert. In January of 1992, Shubert again attempted to execute a garnishment. Again, the execution was unsuccessful because only a modest sum of money was in the account titled in the names of Wendell and Betty Jeter.

On August 16, 1993, the Jeters filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Code. The schedules filed by the debtors were inaccurate. The Jeters concealed assets of the estate and failed to report property of the estate. During a 11 U.S.C. Rule 2004 examination conducted in November of 1993, it was determined that the sale of a house built by Tri–Lakes Builders, the corporation owned by the Jeters, was sold to Merrill and Mary Osmond and the deal had closed that morning. The Osmonds deposited the sale proceeds of approximately $72,000.00 into the Tri–Lakes Builders account which had only Farrell Jeter's name on it. Bills on the house remained unpaid and work remained to be done, so the bankruptcy court entered an order freezing the account so that the funds deposited there would not be dissipated pending the resolution of the case.

After the Jeters filed for personal bankruptcy, their trustee, Thomas J. Carlson, moved to consolidate the estate with the assets and liabilities of the Jeter's corporation. Shubert filed an adversary proceeding to revoke the debtor's discharge, to impose a constructive trust on the Osmond sale proceeds, and to prohibit the trustee from consolidating any funds allegedly subject to the constructive trust with the Jeter's estate.

Following a trial on the merits, the bankruptcy court granted judgment in favor of Shubert on his 11 U.S.C. § 727 claim to revoke the discharge previously granted the debtors. The bankruptcy court consolidated the assets and liabilities of the Jeter's personal estate and the accounts of the corporation controlled by the Jeters, Tri–Lakes Builders. The bankruptcy court denied Shubert's request for a constructive trust.

### Issues on Appeal

Appellant Shubert asked that the bankruptcy court impose a constructive trust on

the funds in the Tri–Lakes Builders account on the premise that he was unable to collect on a judgment through garnishments because of the Jeters concealing assets under their son's name. He contends the garnishments did not attach to assets that should have been in the debtors' names. Appellant argues the bankruptcy court erred in not imposing a constructive trust on the funds that were in the name of Farrell Jeter since the Jeters kept the accounts and the property titled in their son's name in order to avoid the collection by creditors. Appellant argues the bankruptcy court did not apply the correct legal standard to the facts of the case in denying Shubert the constructive trust he seeks. Further, plaintiff argues the bankruptcy court erred in ordering the consolidation of Tri–Lakes Builders assets and debts and the estate of the Jeters. Shubert argues the Tri–Lakes assets were subject to a constructive trust in his favor and, therefore, were not property of the estate and could not come into the estate under any condition. This Court is to determine whether the bankruptcy court applied the correct law and whether the trial court correctly applied the facts to the law.

### Applicable Law

 Appellant argues the bankruptcy court should have determined that the frozen assets of the Tri–Lakes Builders account constitute a constructive trust for Shubert. There is an abundance of Missouri law defining what constructive trusts are and when courts should establish such a trust. Constructive trusts are not trusts at all but are an equitable device used by courts in order to "remedy a situation where a party has been wrongfully deprived of some right, title, benefit or interest in property as a result of fraud or in violation of confidence or faith reposed in another." *Fix v. Fix*, 847 S.W.2d 762, 765 (Mo. banc 1993); *Schultz v. Schultz*, 637 S.W.2d 1, 4 (Mo. banc 1982). The plaintiff who seeks this remedy in equity has lost some equity, interest, or expectancy in the property which, otherwise and but for such fraudulent or wrongful act or conduct, he would have had. *Suhre v. Busch*, 343 Mo. 679, 123 S.W.2d 8, 15 (1938). Either actual or constructive fraud is sufficient to support the imposition of a constructive trust. *Fix v. Fix*, at 765; *Swon v. Huddleston*, 282 S.W.2d 18, 25 (Mo.1955). "The object of the constructive trust is to restore to the rightful owner the property wrongfully withheld by the defendant." *Fix v. Fix*, at 765; *March v. Gerstenschlager*, 436 S.W.2d 6, 8 (Mo.1969). By imposing a constructive trust, a court of equity uses a trust to prevent fraud by making the person who has wrongfully acquired property a trustee for the person defrauded or injured by such fraudulent conduct. *Schultz v. Schultz*, at 4.

"To establish a constructive trust, an extraordinary degree of proof is required. The evidence must be unquestionable in character. The evidence must be so clear, cogent, and convincing as to exclude every reasonable doubt in the mind of the trial court." *Fix v. Fix*, at 765; *Suhre v. Busch*, at 19.

 Courts are to consider the equitable considerations before using extraordinary remedies such as constructive trusts. It is well-established that before a plaintiff can invoke the equitable powers of a court, he must first plead and prove that he has no adequate legal remedy. *Blue Cross Health Services, Inc. v. Sauer*, 800 S.W.2d 72, 76 (Mo.Ct.App.1990).

 Fraud involved in constructive trust cases typically involve false representations which cause the injured party to transfer property to the so-called "trustee" of the constructive trust. *See Suhre v. Busch*, at 19; *Schultz v. Schultz*, at 4. Courts often equate constructive trusts with the existence of a fiduciary or confidential relationship between the "trustee" and the wronged party. *Fix v. Fix*, at 765.

### Application of Law to the Facts

 The bankruptcy court found that Shubert is merely another creditor of the Jeters and is not entitled to any special treatment. This Court agrees. Shubert made an unsecured loan to the Jeters. He has no special fiduciary relationship with the Jeters. Shubert legally loaned the money to the Jeters and there was no fraud involved in the transaction. The Jeters putting accounts in their son's name frustrated all creditors of the

Jeters, not just Shubert. The Jeters are not going to be unjustly enriched without a constructive trust being imposed because the Jeters do not retain any assets of their estate. However, to this day, the Jeters continue to be indebted to Shubert.

■ Before a court should invoke an equitable remedy such as a constructive trust, the plaintiff must prove that he has no adequate legal remedy. Shubert is mistaken when he argues that he has no real legal remedy available to him now that the Jeters have gone through bankruptcy. Shubert has an adequate remedy at law through enforcement of the 1991 judgment he obtained in Taney County, Missouri. Due to entry of the judgment revoking the debtors' discharge pursuant to 11 U.S.C. § 727(d), as requested by plaintiff, the judgment debt will survive bankruptcy, and Shubert can continue to pursue collection of the judgment. This is an ongoing and continuing legal remedy available to Shubert. Shubert is able to garnish the wages of the Jeters and to continue executing garnishments of their personal accounts until his judgment is satisfied. Garnishment may not be a speedy legal remedy, but it is an adequate remedy. The bankruptcy court correctly refused to impose the equitable remedy of a constructive trust when there is adequate legal remedy available at law.

■ The Court finds the bankruptcy court did not err in refusing to impose a constructive trust. Therefore, the remaining constructive trust issues raised by Shubert are rendered moot. Since the Court finds that the bankruptcy court correctly applied Missouri law concerning constructive trusts to the facts of the case, the corporation funds were not part of such a trust and, therefore, it was not improper to consolidate those funds with the Jeters' personal estate. Further, sufficient evidence was presented to the bankruptcy court of commingling of the Jeters and Tri–Lakes Builders finances and affairs to support substantive consolidation of the accounts.

Accordingly, it is hereby

ORDERED the decision of the bankruptcy court is affirmed; it is further

ORDERED appellant's motion for stay is denied as moot.