_____

No. 95-1632
_____

In re:  WENDELL JETER and      *
BETTY JETER,                   *
                               *
          Debtors.             *
_____ *        [PUBLISHED]
                               *
DORAN SHUBERT,                 *
                               *
          Appellant,           *
                               *
     v.                        *   Appeal from the United States
                               *   District Court for the Western
WENDELL JETER, individually    *   District of Missouri.
and doing business as Farrell  *
Jeter Construction Co.; BETTY  *
FERN JETER, individually and   *
doing business as Farrell Jeter *
Construction Co.; TRI-LAKES    *
BUILDERS, INC., a Missouri     *
Corporation; THOMAS J. CARLSON, *
Trustee for the Estate of      *
Wendell and Betty Jeter,       *
Bankrupts,                     *
                               *
          Appellees.           *

_____

Submitted:  December 14, 1995

Filed:  January 8, 1996
_____

Before MAGILL, BRIGHT and MURPHY, Circuit Judges.

_____

PER CURIAM.


     The appellant Doran Shubert, a creditor, seeks to impose a
constructive trust on assets of bankrupts Wendell Jeter and Betty
Jeter, as well as upon a corporation owned by the Jeters, Tri-Lakes
Builders, Inc.  The bankruptcy court denied the constructive trust

and the district court affirmed.[1]  The creditor, Doran Shubert, appeals.  We affirm.

The parties do not contest the underlying facts.  The district court briefly stated the facts which we relate below:

> In May of 1984, Doran Shubert loaned $105,000.00 to Wendell and Betty Jeter in the form of an unsecured loan.  A promissory note was executed in that amount to be due in one year.  In short, payment was never made on the note.  The Jeters invested the money in a vacation resort which they eventually sold.  The Jeters used the funds from the sale to purchase another hotel and ended up seeking relief under a Chapter 11 bankruptcy petition.  The money received from the remaining proceedings was used to purchase a certificate of deposit at the Ozark Mountain Bank.
>
> Shubert filed suit for non-payment of the promissory note in August 1986.  While the suit was pending, the Jeters moved to California, taking some of the money from the Ozark Mountain Bank with them.  In California they purchased a business which was later sold.  They moved back to Missouri in February of 1990 and moved their assets into accounts at the same Ozark Mountain Bank.  The accounts were operated in the names of the Jeters and in the name of the Jeter's son, Farrell Jeter.  The Jeters were involved in the business of buying and selling realty.  They had several named corporations.  Accounts for the corporations were kept in Farrell Jeter's name.  The Jeters admitted they had their son execute a power of attorney to them which allowed the Jeters to buy and sell realty and operate bank accounts under the name of Farrell Jeter which allowed Wendell and Betty Jeter to frustrate their creditors.
>
> In September 1990, Shubert's lawsuit on the promissory note was tried in Taney County,

---

[1]The bankruptcy court opinion is reported at In re Jeter, 171 B.R. 1015 (Bankr. W.D. Mo. 1994).  The district court opinion is reported at In re Jeter, 178 B.R. 787 (W.D. Mo. 1995).

Missouri.  On February 22, 1991, Judge James Eiffert rendered a judgment against the Jeters in the amount of $267,000.00 which represented the amount of the promissory note of $105,000.00 plus interest accrued to that time and attorney's fees.  Post-judgment interest accrues at the contract rate of 13%.

In October 1991, Shubert attempted to garnish the accounts of the Jeters.  Due to Wendell and Betty's actions of having their checking accounts in their son's name, the garnishment was largely unsuccessful.  The garnishment attached only to an account with Wendell and Betty's name on it.  Thus, the Jeters were successful in keeping their funds from Shubert.  In January of 1992, Shubert again attempted to execute a garnishment. Again, the execution was unsuccessful because only a modest sum of money was in the account titled in the names of Wendell and Betty Jeter.

On August 16, 1993, the Jeters filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Code.  The schedules filed by the debtors were inaccurate.  The Jeters concealed assets of the estate and failed to report property of the estate.  During a 11 U.S.C. Rule 2004 examination conducted in November of 1993, it was determined that the sale of a house built by Tri-Lakes Builders, the corporation owned by the Jeters, was sold to Merrill and Mary Osmond and the deal had closed that morning.  The Osmonds deposited the sale proceeds of approximately $72,000.00 into the Tri-Lakes Builders account which had only Farrell Jeter's name on it.  Bills on the house remained unpaid and work remained to be done, so the bankruptcy court entered an order freezing the account so that the funds deposited there would not be dissipated pending the resolution of the case.

After the Jeters filed for personal bankruptcy, their trustee, Thomas J. Carlson, moved to consolidate the estate with the assets and liabilities of the Jeter's corporation.  Shubert filed an adversary proceeding to revoke the debtor's discharge, to impose a constructive trust on the Osmond sale proceeds, and to prohibit the trustee

> from consolidating any funds allegedly subject to the constructive trust with the Jeter's estate.
>
> Following a trial on the merits, the bankruptcy court granted judgment in favor of Shubert on his 11 U.S.C. § 727 claim to revoke the discharge previously granted the debtors. The bankruptcy court consolidated the assets and liabilities of the Jeter's personal estate and the accounts of the corporation controlled by the Jeters, Tri-Lakes Builders. The bankruptcy court denied Shubert's request for a constructive trust.

In re Jeter, 178 B.R. 787, 789-90 (W.D. Mo. 1995).

The issue presented on appeal is whether Tri-Lakes Builders' assets became subject to a constructive trust in favor of Shubert and, therefore, did not become part of the estate of the bankrupts. Both the district court and the bankruptcy judge determined that no constructive trust existed under Missouri law.

The bankruptcy judge has written an excellent analysis of the issue and has determined that a constructive trust should not be imposed against the trustee in bankruptcy who represents all of the creditors. In re Jeter, 171 B.R. 1015 (Bankr. W.D. Mo. 1994). The bankruptcy judge observed that no unjust enrichment would result from refusing to recognize a constructive trust in this instance. Here, the flow of funds and property through the hands and businesses operated by the Jeters have left a trail of unpaid bills and a line of creditors. Some of these creditors have strong equitable claims on the remaining assets. Under these circumstances the district court and the bankruptcy court determined that Shubert was situated like every other creditor and was not entitled to any special rights.

We have reviewed the record and affirm on the well reasoned opinion of Bankruptcy Judge Karen M. See.[2]  We, however, do not rely on the adequate remedy of law discussion as a basis for rejecting the alleged constructive trust.  See id. at 1023.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]Appellant placed great reliance on Chiu v. Wong, 16 F.3d 306 (8th Cir. 1994) to support his claim of constructive trust. There, the asset subject to the constructive trust was not reachable by other creditors in bankruptcy because of the homestead exemption.  The holder of the homestead title became unjustly enriched to the extent of constructive trust assets used to purchase the home.  Other creditors in bankruptcy would not be prejudiced by imposition of the constructive trust.  That is not the case here.