UNITED STATES BANKRUPTCY APPELLATE PANEL
FOR THE EIGHTH CIRCUIT

No. 97-6068

In re:      NATIONAL METALCRAFT      *
            CORPORATION              *
                                     *
                                     *
                 Debtor.             *
-----------------------
Eric W. Lam, Trustee                 *
                                     *
                 Respondent          *
                                     *     APPEAL FROM THE UNITED
                                     *     STATES BANKRUPTCY
v.                                   *     COURT FOR THE
                                     *     SOUTHERN DISTRICT OF IOWA
The Connelly Group, L.P.             *
                                     *
                 Petitioner          *
                                     *
                                     *
Irvin G. Johnson                     *
                                   *
                 Defendant           *

Submitted:  August 13, 1997
Filed: September 8, 1997

Before Dreher, Schermer, and Scott, Bankruptcy Judges

SCOTT, Bankruptcy Judge

I

     The trustee in this bankruptcy case filed an adversary proceeding
to recover funds which Irvin Johnson, the president of the debtor
corporation, expended at a river boat casino.  The

defendant Connelly Group which operates the river boat casino filed a motion for summary judgment on the basis that it is not a transferee under section 550 of the Bankruptcy Code. The Bankruptcy Court denied the motion on the grounds that material factual issues existed for trial. Specifically, the Bankruptcy Court indicated that Connelly Group could be an immediate or mediate transferee of the initial transferee such that summary judgment was inappropriate. The Connelly Group now seeks leave to appeal this ruling.

II

In order for an appellate court to permit an interlocutory appeal, the movant must demonstrate that exceptional circumstances exist, White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994), not merely that the issue is hard, unique, or the case is difficult, Arkansas-Best Freight System, Inc. v. Youngblood, 359 F. Supp. 1125, 1129 (W.D. Ark. 1973)(quoting U.S. Rubber Co. v. Wright, 359 F.2d 784, 875 (9th Cir. 1966). Leave to appeal is not granted unless:

(1) refusal would result in wasted litigation and expense;

(2) the appeal involves a controlling question of law as to which there is a substantial basis for difference of opinion; and

(3) an immediate appeal may materially advance the ultimate termination of the litigation.

Official Committee of Unsecured Creditors v. Credit Lyonnais Bank Nederland, N.V. (In re NSB Film Corporation), 167 B.R. 176, 180 (BAP 9th Cir. 1994). This standard, applicable for appeals to the circuit courts, 28 U.S.C. § 1292(b), is generally applied in bankruptcy appeals. Twenver, Inc. v. MCA Television, Ltd (In re Twenver, Inc.), 127 B.R. 467, 470 (D. Colo. 1991).

III

The panel does not believe that this standard has been met. First, the appeal does not place before the Court solely an issue of law. While it is true that a transferee must have the ability to exercise dominion and control over property, In re Bullion Reserve of North America, 922 F.2d 544, 547 (9th Cir. 1991),[1] the issue of dominion and control is one of fact for the trier of fact, not this court.

Second, an immediate appeal does not advance the ultimate termination of the litigation because there exist issues of fact involving this defendant and there are other parties against whom trial will proceed. An immediate appeal would delay the

---

[1] The Eighth Circuit case cited by the defendant, Luker v. Reeves (In re Reeves), 65 F.3d 670 (8th Cir. 1995), as well as the more recent Fourth Circuit case, Bowers v. Atlanta Motor Speedway Inc. (In re Southeast Hotel Properties Limited Partnership), 99 F.3d 151 4th Cir. 1996), address the standard in the context of the initial transferee under section 550(a)(1). In contrast, the Bankruptcy Court has before it the issue of defendant's status as an immediate or mediate transferee under section 550(a)(2). The Panel declines to rule on whether this distinction is significant. Again, this is a decision for the trial court in the first instance, not an appellate court.

3

conclusion of the litigation as to the other parties, impose additional costs upon all parties, and require an appellate court to expend resources in considering an issue which may be moot upon the conclusion of trial. Cf. Flanagan v. United States, 465 U.S. 259, 104 S. Ct. 1051, 1052 (1940);[2] Streetman v. Russell (In re Russell), 957 F.2d 534, 535 (8th Cir. 1992)("The common law fraud claim may be defeated, mooting out the punitive damages claim.  Appellate consideration should be deferred until the rest of the case is adjudicated before the bankruptcy court."); In re Eleccion, 178 B.R. 807, 809 (9th Cir. BAP 1995)(final judgment rule prevents piecemeal litigation, conserves judicial energy and eliminates need for delays caused by interlocutory appeals); Jajo v. Ehre (In re Adirondack Railway Corporation), 38 B.R. 736, 739 (N.D.N.Y. 1984)("[T]he appellant still has an opportunity to prove to the bankruptcy judge [his allegations].  If he prevails

---

[2]As noted by the Supreme Court,

> The final judgment rule serves several important interests.  It helps preserve the respect due trial judges by minimizing appellate court interference with the numerous decisions they must make in the pre-judgment states of litigation.  It reduces the ability of litigants to harass opponents and to clog the courts through a succession of costly and time-consuming appeals.  It is crucial to the efficient administration of justice....For these reasons, <[t]his Court has long held that the policy of Congress...is inimical to piecemeal appellate review of trial decisions which do not terminate the litigation.

Flanagan v. United States, 465 U.S. 259, 104 S. Ct. 1051, 1052 (1940).

on that claim, there will be no necessity of deciding the issues raised on this appeal.").  A delay would serve no purpose but imperil administration of justice to all parties. <u>United States v. Brennan</u>, 134 F. Supp. 42, 54 (D. Minn. 1955)("Here, the prosecution urges an early trial notwithstanding the Ryan appeal...[T]o delay the trial will prejudice its case...[T]he evidence will grow cold and the memories of witnesses may slip.").

IV

Inasmuch as the Connelly Group has not demonstrated that an interlocutory appeal is appropriate, Fed. R. Bankr. Proc. 8003, the Motion Seeking Leave to Appeal is denied and this bankruptcy appeal is dismissed.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT