# United States Bankruptcy Appellate Panel

## FOR THE EIGHTH CIRCUIT

---

No. 97-6075EALR

---

In re Ramona Moix-McNutt,    *
                       *
        Debtor.            *
                       *
                       *
Ramona Moix-McNutt,         *
                       *       Appeal from the United
        Appellant,       *    States Bankruptcy Court
                       *       for the Eastern District
    v.                  *    of Arkansas.
                       *
                       *
David D. Coop,[1]           *
                      *
        Appellee.        *

---

Submitted: November 7, 1997

Filed: December 23, 1997

---

Before KRESSEL, WILLIAM A. HILL and SCHERMER, Bankruptcy Judges.

---

KRESSEL, Bankruptcy Judge.

---

[1]Coop, the trustee in this case, is the nominal appellee only. He did not participate in the recusal proceedings in the bankruptcy court or on appeal.

1

The debtor, Ramona Moix-McNutt, appeals another interlocutory order of the bankruptcy court,[2] this one denying her motion for recusal. Given the unique circumstances of a recusal order, we grant leave to appeal and affirm.

## BACKGROUND

Ramona Moix-McNutt filed her Chapter 13 petition on January 2, 1997. On June 26, 1997, the court held a consolidated hearing on objections to confirmation, motions for relief from the stay and a motion to dismiss or convert. During her examination by the parties' attorneys, the court occasionally questioned Moix-McNutt regarding her income and ability to fund a plan. On July 17, 1997, the court entered an order directing Moix-McNutt to convert her case to Chapter 11 and directing Moix-McNutt's husband to join the petition, or face conversion to Chapter 7.[3] Alleging gender bias, Moix-McNutt then moved for recusal pursuant to 28 U.S.C. § 455(a). The court denied the motion. Moix-McNutt appeals.[4]

---

[2]The Honorable James G. Mixon, Chief Judge, United States Bankruptcy Court for the Eastern District of Arkansas.

[3] Moix-McNutt failed to comply with the bankruptcy court's July 17 order. Accordingly, by order dated November 26, 1997, the court converted Moix-McNutt's case to Chapter 7.

[4]Moix-McNutt separately appealed the bankruptcy court's July 17 order. Finding that the court's order was not final, we dismissed the appeal for lack of jurisdiction. Moix-McNutt v. Coop (In re Moix-McNutt), 212 B.R. 953, 954 (B.A.P. 8th Cir. 1997) ("A bankruptcy court's order denying confirmation of a Chapter 13 plan without dismissing the case is not a final order for purposes of appeal.").

**DISCUSSION**

28 U.S.C. § 158(a)(1) confers jurisdiction on bankruptcy appellate panels to hear appeals from "*final* judgments, orders, and decrees. . . ." (emphasis added).  However, it is well-established that the denial of a recusal motion is not a final order.  See <u>United States v. Brakke</u>, 813 F.2d 912, 913 (8th Cir. 1987) (holding that magistrate's denial of recusal motion was "not immediately reviewable" as a final order); <u>Liddell v. Board of Educ.</u>, 677 F.2d 626, 643 (8th Cir. 1982) ("A district judge's determination 'not to disqualify himself is reviewable by appeal only from a final judgment in the cause in which the motion for disqualification was filed.'") (<u>quoting</u> <u>Scarrella v. Midwest Fed. Sav. & Loan</u>, 536 F.2d 1207, 1210 (8th Cir. 1976)).

A majority of courts treat recusal orders as interlocutory.  See <u>Seidel v. Durkin</u> <u>(In re Goodwin)</u>, 194 B.R. 214, 221 (B.A.P. 9th Cir. 1996) ("An order denying a motion to recuse is interlocutory."); <u>Nichols v. Alley</u>, 71 F.3d 347, 350 (10th Cir. 1995) (same);  <u>Lopez v. Behles</u> <u>(In re Amer. Ready Mix, Inc.)</u>, 14 F.3d 1497, 1499 (10th Cir. 1994) (same); <u>Stewart Enters., Inc. v.</u>

Horton (In re Horton), 621 F.2d 968, 970 (9th Cir. 1980); cf. Brakke, 813 F.2d at 913 (dismissing appeal from order denying recusal for lack of jurisdiction); Liddell, 677 F.2d at 643 (construing appeal from order denying recusal as a petition for mandamus).

With limited exceptions, courts of appeals enjoy appellate jurisdiction only over final decisions of the district courts: "The courts of appeals . . . shall have jurisdiction of appeals from all *final* decisions of the district courts. . . ." 28 U.S.C. § 1291 (emphasis added).[5] By contrast, this court is authorized to hear appeals from final orders, a small list of interlocutory orders enumerated in 28 U.S.C. § 158(a)(2) and, in its discretion, other interlocutory orders. 28 U.S.C. § 158(a)(3) (conferring jurisdiction to hear appeals "with leave of the court, from other interlocutory orders and decrees. . . .").

Under 28 U.S.C. § 158(a)(3), parties who wish to challenge an interlocutory order must seek leave from the court by filing a motion for leave to appeal. Fed. R. Bankr. P. 8003(a). This is the ordinary and expected procedure. However, courts occasionally

---

[5] Under 28 U.S.C. § 1292, the courts of appeals may hear appeals from a limited class of interlocutory orders. However, the interlocutory order at issue in this case--the order denying the debtor's motion for recusal--is not among the class of enumerated orders over which the courts of appeals have jurisdiction.

4

construe notices of appeal as motions for leave to appeal.  Indeed, the Federal Rules of Bankruptcy Procedure expressly permit this treatment:  "If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the . . . bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed."  Fed. R. Bankr. P. 8003(c); see Seidel, 194 B.R. at 221 ("We find it appropriate to treat the notice of appeal as a motion for leave to appeal. . . ."); Kashani v. Fulton (In re Kashani), 190 B.R. 875, 882 (B.A.P. 9th Cir. 1995) (holding that Bankruptcy Appellate Panel could treat the notice of appeal as a motion for leave to appeal).  Because of the cloud created by the motion over all past and future proceedings in her case, we treat Moix-McNutt's notice of appeal as a motion for leave to appeal.

Therefore, we next decide whether or not to grant Moix-McNutt leave to appeal.[6]  While we would ordinarily deny the appellant

_____

[6]When deciding whether to grant leave to appeal, it is sometimes helpful to apply the standards which govern the certification of interlocutory appeals to the circuit courts.  28 U.S.C. § 1292(b).  See Lam v. Connelly Group, L.P. (In re Nat. Metalcraft Corp.), 211 B.R. 905, 907 (B.A.P. 8th Cir. 1997) (holding that the standard established in § 1292 is "*generally* applied in bankruptcy appeals.") (emphasis added).  Under 28 U.S.C. § 1292(b), courts of appeals enjoy jurisdiction over interlocutory appeals only when the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ."  The decision to grant leave to appeal is purely discretionary.  Given our broad jurisdiction over interlocutory orders, we are not constrained to follow the standards established for the courts of appeals.

leave to appeal, we are persuaded that the unique procedural posture of this case warrants immediate judicial review. If we postpone appellate review until the entry of a final order, we risk tainting the entire course of judicial proceedings.[7] Therefore, in the interest of judicial economy, we grant Moix-McNutt leave to appeal the bankruptcy court's order.

The standard of review on appeal from a recusal order is abuse of discretion. See Hale v. Carlson (In re Hale), 980 F.2d 1176, 1178 (8th Cir. 1992). Since judicial impartiality is presumed, a party seeking recusal bears a heavy burden. Ouachita Nat. Bank v. Tosco Corp., 686 F.2d 1291, 1300 (8th Cir. 1982). The movant must identify specific behaviors which reasonably suggest judicial bias. Id. at 1301.

As the basis for recusal, Moix-McNutt argues that the bankruptcy court used language which demonstrates gender bias. In her motion, Moix-McNutt accuses the court of referring to her as "just a housewife" and "just a babysitter" during the course of the hearing. As the bankruptcy court pointed out in its thorough

---

[7]For example, if we await the entry of a final order before determining that the bankruptcy court engaged in judicial bias, we may be required to vacate all orders entered after Moix-McNutt's motion for recusal. See New York City Hous. Dev. Corp. v. Hart, 796 F.2d 976, 979 (7th Cir. 1986) ("[O]rders rendered after the filing of the motion must be vacated . . . if the motion ultimately is granted."). We would rather undo a few stitches at the outset than unravel the entire garment.

order, and as we have confirmed from our own review of the transcript, that accusation is false.

While Moix-McNutt once described herself as a "babysitter slash nanny," the court never referred to her as a babysitter. The bankruptcy court did refer to the debtor as a housewife on several occasions, but never as "just a housewife."

We first observe that there is nothing insulting or demeaning in being identified as a housewife. The job of housewife is an important and respected profession, and being a housewife is no reason for embarrassment, nor is being referred to as one an insult.

We concede that any word, when considered in the appropriate context, can be intended as an insult. Here, however, the bankruptcy court was merely trying to determine whether the debtor's filing without her husband was appropriate in light of their respective incomes and joint property ownership.[8] While the correctness of the court's determination in this regard is not at issue in this appeal, it is a perfectly appropriate area of

---

[8]To be eligible for Chapter 13, an individual must have regular income or file a joint case with a spouse that has regular income. 11 U.S.C. § 109(e). To confirm a Chapter 13 plan, the court must determine that the debtor will be able to make all payments under the plan and to comply with the plan. 11 U.S.C. § 1325(a)(6). The plan must also be proposed in good faith. 11 U.S.C. § 1325(a)(3).

inquiry.  It is in this context that the court (and others) used the term "housewife" at the hearing.  For, while the position of housewife has great value, it rarely generates income.  In sum, we have examined Moix-McNutt's accusations of bias and find them to be false or without merit.

## CONCLUSION

While we grant Moix-McNutt leave to appeal, we conclude that the bankruptcy court did not abuse its discretion in denying Moix-McNutt's motion to recuse.  Therefore, we AFFIRM.


A true copy.


Attest:


CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR
THE EIGHTH CIRCUIT.

8