In re John Richard ROSS and Blanche Ilene Ross, Debtors.

John Richard ROSS and Blanche Ilene Ross, Appellants,

v.

Bruce STRAUSS, Trustee and Bank Midwest, Appellees.

BAP Nos. 98–6040, 98–6050, 98–6051, 98–6064WM.

United States Bankruptcy Appellate Panel of the Eighth Circuit.

Submitted Sept. 2, 1998.

Decided Sept. 8, 1998.

John and Blanche Ross, Bethany, MO, Pro se.

Bruce Strauss, Patricia Hamilton, Kansas City, MO, for Appellees.

PER CURIAM.

The matter presently before the court arises from four separate appeals by the Appellants, John and Blanche Ross, from orders of the bankruptcy court: (1) approving the sale of 240 acres of real estate; (2) denying the request for a stay of such sale pending appeal; (3) denying the request for a new judge; and (4) denying the motion to dismiss the underlying bankruptcy cases. Appellees moved to dismiss each of the pending appeals. In addition, Appellants have made a separate motion to this court to stay the sale of the 240 acres of real estate pending the appeal.[1]

First, we consider Appellants' motion to stay the sale of the land pending appeal. A party seeking a stay pending appeal must demonstrate that it is likely to succeed on the merits, that it will suffer irreparable injury unless the stay is granted, that no substantive harm will come to other interested parties, and that the stay will do no harm to the public interest. *Fargo Women's Health Organization v. Schafer,* 18 F.3d 526, 538 (8th Cir.1994); *James River Flood Control Assoc. v. Watt,* 680 F.2d 543, 544 (8th Cir.1982). In this case, however, the Trustee has already sold the property at issue. Thus, any relief granted by this court would be ineffective, and the Appellants' motion must be denied as moot. *United States v. Fitzgerald,* 109 F.3d 1339, 1341 (8th Cir. 1997); *Van Iperen v. Production Credit Assoc.,* 819 F.2d 189, 190 (8th Cir.1987).

We next consider the motions of the Appellees to dismiss the pending appeals. In the first appeal, Appellants challenge the Bankruptcy Court's order approving the Trustee's sale of the 240 acres of real estate. Bankruptcy Code § 363(m) provides that "the reversal or modification on appeal of an authorization ... of a sale or lease of property does not affect the validity of a sale or

---

1. Appellants have also filed, as of September 1, what they frame as a motion for a "Stay on Property Listed." Consistent with a pattern of prior such action, they have, apparently deliberately, failed to serve a copy of the motion on Appellees. However, the Appellees have responded indicating that the trustee has not yet moved for an order authorizing a sale of the personal property listed and there is, therefore, no order approving a sale. Any request for relief is premature and we lack jurisdiction to provide the appellants any relief. Their request for a "stay" is, accordingly, denied.

lease under such authorization ..., unless such authorization and such sale or lease were stayed pending appeal." 11 U.S.C. § 363(m) (1994). It is undisputed that the Trustee sold the property on August 19, 1998, pursuant to the Bankruptcy Court's authorization. As a result of Appellants' failure to obtain a stay pending appeal, the sale of August 19, 1998 cannot be reversed. *Id.* Therefore, an appeal from the authorization of this sale is moot, and we must grant Appellees' motion to dismiss. *Prasil v. Dietz (In re Prasil),* 215 B.R. 582, 584 (8th Cir. BAP 1998); *Forbes v. Forbes (In re Forbes),* 215 B.R. 183 (8th Cir. BAP 1997). The appeal from the denial of stay pending appeal is similarly moot. The property has already been sold. Therefore, this court cannot provide any effective relief, and Appellees' motion to dismiss this appeal must be granted. *Fitzgerald,* 109 F.3d at 1341; *Van Iperen,* 819 F.2d at 190.

 In the third appeal Appellants challenge the order of the Bankruptcy Court denying their motion for a new judge.[2] The standard of review on an appeal from a motion for disqualification is abuse of discretion. *Moix–McNutt v. Coop (In re Moix–McNutt),* 215 B.R. 405, 409 (8th Cir. BAP 1997). Because judicial impartiality is presumed, a party seeking disqualification bears a heavy burden. *Id.* The movant must identify specific behavior that reasonably suggests judicial bias. *Id.* Without any evidence, Appellants asserted in their original motion and in their appeal that Judge Federman was prejudiced and made numerous mistakes during their case. Such bald assertions are not sufficient to overcome the heavy burden Appellants bear. In addition, Appellants have failed to supplement their arguments by filing a brief in this appeal, despite an extended briefing schedule. Failure to file a brief is grounds, in itself, for dismissal. *See* Fed.R.Bankr.P. 8001(a) (failure to take any step in the appeal is grounds for action the court deems appropriate, including dismissal); Fed.R.Bankr.P. 8009(a)(1) (appellant *shall* file a brief within 15 days or such other time specified by the court); *In re Wiley,* 184 B.R. 759, 763

(D.Iowa 1995) ("It is plain that the [BAP] may dismiss a bankruptcy appeal for want of prosecution when the appellant fails to file or to timely file a brief as required by Bankruptcy Rule 8009."). Therefore, we grant the Appellees' motion to dismiss this appeal.

Finally, Appellees have moved to dismiss the appeal of the Bankruptcy Court's order denying Appellants' motion to dismiss the bankruptcy case. This appeal was filed on July 31, 1998, and an order by this court set August 28, 1998, as the deadline for Appellants to file a brief. The briefing schedule was put in abeyance pending the motions to dismiss the appeals. At this point, the time for Appellants to file a brief has not yet passed and dismissal would be premature. However, given Appellants' failure to file briefs in the other appeals, this court will only grant Appellants a limited time to complete this task. Therefore, if Appellants do not file their brief in this appeal by September 21, 1998, we will grant Appellees' motion to dismiss the appeal.

Accordingly, we deny Appellants' motion for a stay pending appeal; we grant Appellees' motion to dismiss the appeals from the orders authorizing the sale of the real estate, denying a stay pending appeal, and denying the motion for a new judge; and, we deny Appellees' motion to dismiss the appeal from the order denying the motion to dismiss the bankruptcy case.

---

**2.** Although appellants did not style it as such, their motion for a new judge essentially appears to be a motion for disqualification under 28 U.S.C. § 455 (1994).