### In re POPKIN & STERN, Debtor.

### Robert J. BLACKWELL, Liquidating Trustee of the Popkin & Stern Liquidating Trust, Plaintiff—Appellee,

v.

### Ronald U. LURIE, Defendant—Appellant.

### Daniel L. Dierdorf and James W. Hart, Intervenors—Appellees.

### No. 98–6077EM.

United States Bankruptcy Appellate Panel of the Eighth Circuit.

Submitted Nov. 12, 1998.

Decided Nov. 20, 1998.

Ronald U. Lurie, Bozeman, MT, pro se.

Christopher Rausch, St. Louis, MO, for Blackwell.

Thomas E. Manns, St. Louis, MO, for Dierdorf and Hart.

Before KRESSEL, WILLIAM A. HILL, and SCOTT, Bankruptcy Judges.

KRESSEL, Bankruptcy Judge.

Ronald Lurie appeals from the September 3, 1998, order of the bankruptcy court[1] allowing Dan Dierdorf and James Hart to intervene in this adversary proceeding and determining their rights in certain stock. Because we have determined the order appealed from to be interlocutory, we dismiss the appeal.

---

1. The Honorable Karen M. See, United States Bankruptcy Judge for the Western District of Missouri, sitting by designation.

2. More background on the Popkin & Stern bankruptcy case can be found in our earlier opinion

## BACKGROUND [2]

On October 20, 1994, the bankruptcy court entered a judgment in this adversary proceeding in the amount of $1,121,743.00 in favor of the plaintiff, the liquidating trustee Robert Blackwell, and against Ronald Lurie. On October 23, 1997, the bankruptcy court extended the judgment. We affirmed the order extending the judgment on March 5, 1998, and an appeal from that order is pending before the Eighth Circuit.

Also in 1994, in a separate adversary proceeding, Blackwell sued Nancy Lurie. On April 15, 1998, the bankruptcy court granted a money judgment against Nancy Lurie and also set aside some transfers that Ronald Lurie had made to Nancy Lurie of stock in two corporations by the name of Seventeen Seventy-Two, Inc. and Dierdorf and Harts of St. Louis Union Station, Inc. The bankruptcy court held that they were fraudulent transfers from Ronald to Nancy Lurie and thus determined that they were void. Nancy Lurie appealed that judgment, which was affirmed by the district court on October 15, 1998.

In an effort to collect his judgment in this adversary proceeding, Blackwell filed execution documents on both corporations on May 5, 1998. Three months later on August 5, 1998, both corporations filed responses to the executions in which they disclosed that Ronald Lurie was the owner of 1,715 shares of stock in Seventeen Seventy-Two, Inc. and 228 shares of stock in Dierdorf and Harts of St. Louis Union Station, Inc.

Also on August 5, 1998, Dan Dierdorf and James Hart, as stockholders of both corporations, filed a motion to intervene in this adversary proceeding and proposing to purchase shares of stock in the two corporations for $1.00 and for $51,332.00, respectively, pursuant to shareholders agreements in both corporations. On August 17, 1998, Nancy

in this adversary proceeding. *See Blackwell v. Lurie (In re Popkin & Stern )*, No. 97–6091EM, slip op. (8th Cir. BAP Mar. 5, 1998) (unpublished).

Lurie also made a motion to intervene in this adversary proceeding.

The certificates of service for the motions to intervene indicate that Ronald Lurie was served with the motions. However, the motions do not indicate any deadline by which a response was required and do not indicate that any hearing on the matter was scheduled. Lurie did file objections on September 8 and 10, after the hearing had already concluded.

Apparently,[3] at a hearing held on August 26, 1998, by telephone conference, the bankruptcy court considered the motions to intervene. Those in attendance at the hearing included attorneys for Dierdorf, Hart, Nancy Lurie, and Blackwell. Ronald Lurie was not represented at the hearing. The record fails to indicate to whom notice of the hearing was provided, or how it was given.

At the hearing, the bankruptcy court apparently announced that it would grant the Dierdorf and Hart motion, and deny Nancy Lurie's motion. A written order granting the Dierdorf and Hart motion was signed on September 3, 1998, and entered on September 8, 1998, providing that the intervenors "are entitled to acquire the aforementioned shares of common stock in accordance with the purchase price formulae set forth in the respective Shareholder's Agreement ... [U]pon the Court's approval of the Liquidating Trustee's Application for this disposition of stock, Movants shall tender to the Liquidating Trustee the sums" for purchasing the subject shares of stock.[4]

The application by the plaintiff to sell his interests to Dierdorf and Hart was filed on September 3, 1998, with a stated objection deadline of September 23, 1998. The application is pending, the sale has not occurred, and Ronald Lurie has timely filed an objection on which the bankruptcy court has not yet ruled. Accordingly, a hearing will be held on the matter before a sale may be finally authorized.

## DISCUSSION

The part of the bankruptcy court's order granting the motion to intervene is not a final order. See Kartell v. Blue Shield of Massachusetts, 687 F.2d 543, 549 (1st Cir.1982) (order granting intervention not final, appealable order); see also Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 107 S.Ct. 1177, 94 L.Ed.2d 389 (1987) (ruling on a motion to intervene can be effectively reviewed on appeal from a final judgment and therefore cannot be challenged by interlocutory appeal), cited in Securities and Exchange Commission v. Chestman, 861 F.2d 49 (2d Cir.1988). The part of the order that determines the right of the intervenors to purchase the shares of stock is also interlocutory because it requires another motion, the application to purchase the shares, and another order granting that application. "[T]his court is authorized to hear appeals from final orders, a small list of interlocutory orders enumerated in 28 U.S.C. § 158(a)(2) and, in its discretion, other interlocutory orders." Moix–McNutt v. Coop (In re Moix–McNutt), 215 B.R. 405, 408 (8th Cir. BAP 1997), citing 28 U.S.C. § 158(a)(3); Flanagan v. United States, 465 U.S. 259, 263–64, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984) (finality is a condition of appellate review).

At the hearing on the application, Lurie will have an opportunity to present his arguments to the bankruptcy court, and "[i]f he prevails,[ ] there will be no necessity of deciding the issues raised on this appeal." See Lam v. Connelly Group, L.P., (In re National Metalcraft Corp.), 211 B.R. 905, 907 (8th Cir. BAP 1997) (citations omitted). The bankruptcy court will have the opportunity to address his objections before approving or disapproving the sale. If he loses at the hearing on the application by the trustee to sell the shares to the intervenors, he may appeal the bankruptcy court's final order granting the application.

We are reluctant to hear interlocutory appeals unless exceptional circumstances exist

---

**3.** We say "apparently" because nothing in the record indicates that a hearing was held. Neither the court's order nor the docket reflect a hearing. However, in their submissions to this court, the appellees refer to such a hearing.

**4.** No order has yet been entered denying Nancy Lurie's motion to intervene.

such that "postpon[ing] appellate review until the entry of a final order ... risk[s] tainting the entire course of judicial proceedings." *Moix–McNutt*, 215 B.R. at 408.

Leave to appeal is not granted unless: (1) refusal would result in wasted litigation and expense; (2) the appeal involves a controlling question of law as to which there is a substantial basis for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation.

*Lam*, 211 B.R. at 907 (citations omitted). Lurie has not demonstrated these or any other exceptional circumstances. On the contrary, immediate appeal would merely produce delay, additional costs to all parties, and appellate consideration of an issue that may be moot upon conclusion of the litigation in bankruptcy court. *Id.*

## CONCLUSION

Because we conclude that the order from which Lurie appeals is not a final order, the appeal is dismissed for lack of jurisdiction.