### In re ADIRONDACK RAILWAY CORPORATION, Debtor.

### Chester JAJO, Plaintiff,

### v.

### Victor T. EHRE, as Trustee in Reorganization for the Estate of Adirondack Railway Corporation, Defendant.

#### No. 84–CV–220.

United States District Court, N.D. New York.

April 17, 1984.

Rossi, Rossi & Hughes, Utica, N.Y., for plaintiff; Thomas P. Hughes, Utica, N.Y., of counsel.

Hancock & Estabrook, Syracuse, N.Y., for defendant; Thomas Buckel, Syracuse, N.Y., of counsel.

## MEMORANDUM–DECISION AND ORDER

McCURN, District Judge.

Plaintiff-Appellant Chester Jajo appeals from an order of the Bankruptcy Court for the Northern District of New York, Leon J. Marketos, B.J., granting partial summary judgment for the defendant-respondent, Victor T. Ehre, trustee in reorganization for the estate of Adirondack Railway Corporation.

It appears from the record that in 1977, the State of New York engaged Adirondack Railway Corporation ("the debtor") to rehabilitate and operate a rail line between Remsen and Lake Placid. Adirondack Railway, in turn, contracted with the appellant to supply rail for the project. Beginning in 1978, the appellant delivered rail to various places along the right-of-way where it would be inspected by employees of the State Department of Transportation. Upon approval by the State inspectors, the material would be installed.

In the latter part of 1979, the appellant delivered rail valued at $80,000, which was rejected for use on the project by state inspectors. That material remained in the possession of the debtor until April of 1981, when the debtor filed a voluntary petition in reorganization under Chapter 11, Subchapter IV (Railroad Reorganization) of the Bankruptcy Code. The rail is now in the possession of the respondent, Victor T. Ehre, the trustee.

On April 6, 1983, the appellant commenced this adversary proceeding to recover the unapproved rail material. In the bankruptcy court, he advanced two distinct claims.

First, the appellant contended that the sale of the material was contingent upon approval by State inspectors, therefore the delivery constituted only a "sale on approval". Since the material in question was rejected by the State, appellant maintains that he retained title, and that the rail is not subject to the claims of the Railway's creditors or trustee.

Upon the trustee's motion for summary judgment the bankruptcy judge rejected appellant's first claim, finding no evidence of a "sale on approval" agreement. The judge further held that any attempt by the appellant to retain or reserve title after delivery was limited in effect to a reservation of a security interest pursuant to U.C.C. § 2–401; and that such unperfected security interest was inferior to the trustee's interest in the material. The judge accordingly granted summary judgment "in regard to the question of title to the materials."

The appellant's second claim was based on his allegation that the debtor had orally assigned to him its right to payment from the State for work performed on the project, and that such assignment was in payment for a pre-existing debt. Judge Marketos noted that if the appellant could prove his allegations, he could establish an interest in the rail superior to that of the trustee. Finding that there were questions of fact pertaining to the intent of the parties, Judge Marketos denied summary judgment on this issue, and held that "the question must be answered after a trial on the merits."

The appellant then filed a Notice of Appeal, identifying two issues for review:

1. Did the appellant, as a matter of law, retain only a security interest in material delivered to the Adirondack Railway Corporation?

2. Did the appellant fail to raise a triable fact issue indicating that the transaction between the appellant and the Adirondack Railway Corporation was a "sale on approval?"

## DISCUSSION

■ The bankruptcy court order granting-in-part and denying-in-part the trustee's motion for summary judgment is an interlocutory order; it adjudicates fewer than all the claims in the action. An order of this nature is ordinarily not appealable until the full case reaches judgment. 10 Wright & Miller, *Federal Practice & Procedure* § 2715 at 627 (1983 ed.). *See Leopold v. Fitzgerald*, 421 F.2d 838 (2d Cir. 1970) (summary judgment dismissing one theory of recovery is not an appealable final judgment).

■ It may well be, as appellant contends, that the bankruptcy court's order is the final adjudication of a distinct claim. Such an order, when issued by a *district court*, could be made appealable by directing the entry of judgment pursuant to Rule 54(b), or by properly certifying an interlocutory appeal pursuant to 28 U.S.C. § 1292(b); even then, such order would only be appealable if it resolves the issue of damages as well as liability. *See Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976); *In re Adirondack Railway*, 726 F.2d 60 (2d Cir.1984). In any event, inasmuch as the instant case involves an appeal from an order of the bankruptcy court, the provisions of the Bankruptcy Code of 1978 and the Bankruptcy Rules apply.

■ The New Rules of Procedure in Bankruptcy Cases, which became effective August 1, 1983, do permit an appeal from an interlocutory judgment, order, or decree of a bankruptcy judge, upon obtaining leave of the district court.[1] Rule 8001(b). The Rule provides that such an appeal shall be taken "by filing a notice of appeal ... accompanied by a motion for leave to appeal prepared in accordance with Rule 8003...." Where, as here, the appellant filed only a notice of appeal and no motion for leave to appeal, Rule 8003 provides as follows:

1. As a result of the Supreme Court decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 [102 S.Ct. 2858, 73 L.Ed.2d 598] (1982), which undermined the independent jurisdiction of the bankruptcy court, this district has adopted an *Emergency Resolu-*tion, dated December 24, 1982, which provides, in pertinent part, that "the procedures set forth in Part VIII of the Bankruptcy Rules apply to appeals of bankruptcy judges' judgments and orders." ¶ (e)(1).

Rule 8003. *Leave to Appeal*

(c) *Appeal improperly taken regarded as a motion for leave to appeal.*

If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court or bankruptcy appellate panel may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal. Unless an order directing that a motion for leave to appeal be filed provides otherwise, the motion shall be filed within 10 days of the order.

Accordingly, this court may either direct the appellant to file the motion, or treat the notice as a motion and decide it. In the court's view, there is no interest served by requiring the filing of a motion; appellant's notice shall be treated as a motion for leave to file an interlocutory appeal, and shall be decided herein.

In a Supreme Court decision issued last month, *Flanagan v. United States,* —— U.S. ——, 104 S.Ct. 1051, 79 L.Ed.2d 288; (1984) the Court reaffirmed that "[f]inality as a condition of review is an historic characteristic of federal appellate procedure." —— U.S. at ——, 104 S.Ct. at 1052, *citing Cobbledick v. U.S.,* 309 U.S. 323, 324, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940). As the Court explained:

> The final judgment rule serves several important interests. It helps preserve the respect due trial judges by minimizing appellate court interference with the numerous decisions they must make in the pre-judgment stages of litigation. It reduces the ability of litigants to harass opponents and to clog the courts through a succession of costly and time-consuming appeals. It is crucial to the efficient administration of justice.... For these reasons, "(t)his Court has long held that the policy of Congress ... is inimical to piecemeal appellate review of trial decisions which do not terminate the litiga-

tion." *U.S. v. Hollywood Motor Car Co.,* 458 U.S. 263, 265, 102 S.Ct. 3081, 3083, 73 L.Ed.2d 754 (1982).

*Flanagan, supra,* —— U.S. at ——, 104 S.Ct. at 1052.

In this instance, the appellant still has an opportunity to prove to the bankruptcy judge that the debtor assigned the right-to-receive state payments to him in consideration for a pre-existing debt. If he prevails on that claim, there will be no necessity of deciding the issues raised on this appeal. Under the circumstances, the granting of leave to appeal the interlocutory order of the bankruptcy judge would be ill-advised. It is, therefore,

ORDERED, that appellant's notice of appeal be treated as a motion for leave to appeal an interlocutory order of the bankruptcy judge; and it is further

ORDERED, that such motion is hereby denied.