In re Herbert E. RUSSELL, Debtor.

Thomas S. STREETMAN, Trustee for the Estate of Herbert E. Russell, Debtor, Appellant,

v.

Herbert E. RUSSELL, Appellee.

No. 91-2457.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 7, 1992.

Decided Feb. 20, 1992.

Thomas S. Streetman and William S. Meeks, Crossett, Ark., for appellant.

Susan Gordon Gunter, Little Rock, Ark., for appellee.

Before WOLLMAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and BEAM, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Thomas S. Streetman (Trustee), appellant and trustee of Herbert E. Russell's (Russell) bankruptcy estate, appeals from the district court's[1] dismissal, of Count V of appellant's amended complaint, for failure to state a claim. Count V sought punitive damages from Russell for his fraudulent concealment of estate assets. The order appealed from is not a final decision under 28 U.S.C. § 1291 (1988), nor is it appealable under the collateral order doctrine. Accordingly, we hold that this court lacks jurisdiction to entertain the appeal and we dismiss this appeal.

I. BACKGROUND

Trustee filed this action on June 11, 1990 seeking recovery of sums of money that Russell owed to the estate and revocation of Russell's discharge in bankruptcy for failure to comply with the settlement agreement and fraudulent concealment of estate assets by Russell. On November 23,

1. The Hon. Oren Harris, Senior United States District Judge for the Western District of Arkansas.

1990, Russell filed a motion to dismiss, which included a request for a jury trial. After the bankruptcy court certified the case to the district court to determine whether Russell was entitled to a jury trial, Trustee filed a motion to remand, asserting that no jury trial issue existed. Trustee then filed an amended complaint adding Count V, which sought punitive damages for the fraudulent concealment. Russell filed a motion to dismiss. In a memorandum opinion and order dated May 23, 1991, the district court granted the motion to dismiss, only as to Count V, for failure to state a claim upon which relief could be granted, reasoning that the bankruptcy code does not provide for punitive damages under these circumstances and that Trustee had failed to raise any other grounds upon which jurisdiction could be based. Fed.R.Civ.P. 12(b)(6). Trustee then filed this timely appeal.

## II. DISCUSSION

■ This court has a duty to examine its jurisdiction, and may do so on its own motion if necessary. 8th Cir. Rule 47A(a). *See Faysound Ltd. v. Falcon Jet Corp.,* 940 F.2d 339, 341 n. 2 (8th Cir.1991). We are obligated to dismiss an appeal if it is not within our jurisdiction. *Id.*

■ The courts of appeals have jurisdiction to hear appeals from final decisions of the district courts of the United States. 28 U.S.C. § 1291. The district court's dismissal of Count V for failure to state a claim does not constitute a final judgment on the merits of the entire lawsuit; nor did the district court enter a Rule 54(b) order directing the entry of final judgment as to that count. *Id.* Thus, the dismissal is not appealable as a final order.

■ The collateral order doctrine, first announced in *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 545–46, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949), represents a narrow exception to the final judgment rule of section 1291. *See Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981). The Eighth Circuit recognizes this exception to the extent that the order appealed from affects " 'rights that will be irretrievably lost in the absence of an immediate appeal.' " *United States v. Archer–Daniels–Midland Co.,* 785 F.2d 206, 210 (8th Cir.1985) (quoting *Richardson–Merrell, Inc. v. Koller,* 472 U.S. 424, 431, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985)). The district court order must also " 'conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment.' " *Id.* (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978)).

The requested remedy of punitive damages, contained in Count V, will not be irretrievably lost if its dismissal is not immediately appealable. Moreover, the claim for punitive damages is not separable from and collateral to the common law fraud claim in the remainder of the case. The common law fraud claim may be defeated, mooting out the punitive damages claim. Appellate consideration should be deferred until the rest of the case is adjudicated before the bankruptcy court.

## III. CONCLUSION

Accordingly, the appeal is dismissed.