**In re Brenda Colleen SUTHERLAND.**

**Bankruptcy No. 93–10084S.**

United States Bankruptcy Court,
E.D. Arkansas,
Batesville Division.

Sept. 7, 1993.

Order Denying Motion for Stay
Pending Appeal Sept. 20, 1993.

M. Wade Hodge, Asst. Atty. Gen., Little Rock, AR, for Arkansas Fidelity Bond Trust Fund.

Stephen Bennett, Sherwood, AR, for debtor.

A.L. Tenney, Little Rock, AR, Chapter 13 Trustee.

## ORDER DENYING CONFIRMATION

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the objection to the plan of the Arkansas Fidelity Bond Trust Fund, by the Attorney General of the State of Arkansas, filed on June 17, 1993. The matter came on for hearing on August 25, 1993, after which it was taken under submission.

Debtor had worked for, and embezzled from, the Concord School District. In November 1991, the debtor was convicted of Theft of Property, a Class B felony, after which she was sentenced to pay a $15,000 fine, restitution in the amount of $76,569.04, court costs, and a small sum to the Victim's Reparation Fund.

Upon demand from the Legislative Joint Auditing Committee of the State of Arkansas, the Arkansas Fidelity Bond Trust Fund was required to and did extend the sum of $54,032.76 [1] to the school district under its bond. *See* Ark.Code Ann. § 21–2–701 et seq. Accordingly, the Arkansas Fidelity Bond Trust Fund was subrogated to the rights of Concord School District against the defendant. Ark.Code Ann. § 21–2–709. Debtor does not dispute that the bond company was required to and did make this payment.

Debtor appears to argue, citing section 1328 of the Bankruptcy Code, that the debt may be discharged. In light of the plain language of the statute, this is in error. The Bankruptcy Code, as amended by the Criminal Victims Protection Act of 1990, Pub.L. 101–581, effective November 15, 1990, provides in pertinent part: "[T]he court shall grant the debtor a discharge of all debts provided for by the plan ... except any

---

1. The debtor made small amounts of restitution in 1990 and 1991.

debt—(3) for restitution included in a sentence on the debtor's conviction." 11 U.S.C. § 1328(a)(3). Thus, whether or not that debt is provided for, a debt of restitution is nondischargeable. *Federal Deposit Ins. Corp. v. Soderling (In re Soderling)*, 998 F.3d 730 (9th Cir.1993). Since restitution is expressly excepted from the "superdischarge" provided for in Chapter 13 of the Bankruptcy Code, neither the victim nor the state is required to file an adversary proceeding regarding the dischargeability of the restitution. Restitution is automatically excepted from discharge such that the provisions of section 523(a) need not be invoked.

■ The debtor essentially argues that since the school district has been reimbursed under the bond, there is no longer a nondischargeable debt. The "victim" has been made whole. While the federal law embodied in the Bankruptcy Code provides that a debt is not dischargeable, the Code does not define the victim. The Court must look to the terms of the conviction and to Arkansas law to determine to whom the debt is owed.

Under Arkansas law, it matters not that the claimant, the Arkansas Fidelity Bond Trust Fund, is not the named entity to whom the restitution was awarded in the judgment of conviction. Arkansas law provides that the Arkansas Fidelity Bond Trust Fund is subrogated to the rights of Concord School District against the debtor. *See* Ark.Code Ann. §§ 21–2–709 (1987), 16–90–309(d) (1993).[2] Thus, under Arkansas law, the Arkansas Fidelity Bond Trust Fund is the entity entitled to collect the restitution ordered in the judgment of conviction.

In section 1328(a)(3), Congress sought to preserve the victim's right to restitution ordered as a result of criminal behavior. The debtor cannot escape the language, intent, and effect of section 1328(a)(3) simply because a surety was required to reimburse the immediate victim, the school district, for the debtor's actions. Under a judgment of conviction, the debtor is required to pay the restitution. The express purpose of restitution is to make the "victim whole with respect to the financial injury suffered." Ark. Code Ann. § 16–90–301. The fact that the statutorily created bond company was required to reimburse the immediate victim does not obviate the economic loss to the state.

■ Since the statute provides that unpaid restitution is nondischargeable, the issue before the Court thus becomes whether the plan, as formulated, may be confirmed. The plan merely provides that general unsecured debts will receive a pro-rata portion of the payments, approximately nine percent on each unsecured claim. Upon a review of the schedules, it is questionable whether the debtor has provided all of her disposable income for payment of the debts. Further, the statement of expenses is incomplete inasmuch as it fails to list the amount of the home mortgage paid each month. It appears from schedules I and J that the debtor's husband can or does easily pay virtually all of the joint expenses, which leaves the debtor's entire $400 per month income as disposable income. However, only $200 per month is to be paid to the trustee under the plan. The debtor did not testify in this proceeding, but

---

2. Ark.Code Ann. § 21–2–709(b) provides:
    Upon fidelity bond loss payment from the fund, the recipients of the loss payment shall, to the extent of the payment, assign to the fund all rights and claims that they may have against the ... employee involved. The fund shall be subrogated to all of the rights of the recipient of the fidelity bond loss payment to the extent of the payment.
    Ark.Code Ann. § 16–90–309 provides:
    (b) * * * Any amounts received by the state or a political subdivision from the Self–Insured Fidelity Bond Program, § 21–2–701 et seq., or other third party bonds as a result of the defendant's actions shall not reduce the amount of restitution required to be paid by the defendant. * * *

(d) The Self–Insured Fidelity Bond Program is Subrogated to any right of the state or political subdivision to the extent of any proceeds paid by the Self–Insured Fidelity Bond Program. Ark.Code Ann. § 16–90–309(b), (d) (1993). Finally, section the statute relating to the Self–Insured Fidelity Bond Program, under which the Arkansas Fidelity Bond Trust Fund was created, was recently amended to expressly provide that the Arkansas Fidelity Bond Trust Fund is a victim who is entitled to restitution:
    For the purposes of obtaining restitution as provided in subsection (c) of this section, the Fidelity Bond Program and the participating governmental entity shall be deemed victims. Ark.Code Ann. § 21–2–708(d) (1993).

merely relied upon the arguments of counsel that the debt was dischargeable. In light of the facts that (1) the schedules are insufficient, (2) the debtor provides for a meager payment on a nondischargeable debt, (3) there appears to be additional disposable income, and (4) there was no testimony of the debtor indicating good faith in the filing of this plan despite an objection to the plan, the Court cannot confirm the plan.

**ORDERED** that the Objections to Confirmation, filed on June 17, 1993, is SUSTAINED. The debtor shall file amended schedules and an amended plan in accord with the terms of this Order within twenty (20) days of entry of this Order.

**IT IS SO ORDERED.**

### *ORDER DENYING MOTION FOR STAY PENDING APPEAL*

THIS CAUSE is before the Court upon the Motion for Stay Pending Appeal filed by the debtor on September 16, 1993, the same date as she filed her Notice of Appeal. On September 7, 1993, the Court issued an Order denying confirmation of the plan and directing the debtor to file amended schedules. The debtor now seeks a stay of the bankruptcy proceeding pending appeal of the Court's Order.

■ The bankruptcy court has discretion to grant a stay on such terms as are just, pursuant to Rule 8005, Federal Rules of Bankruptcy Procedure. However, the moving party must make a particular showing in order for a stay to be imposed. Specifically, the movant must demonstrate:

    (1) he is likely to prevail on the merits of the appeal;

    (2) he will suffer irreparable injury if the stay is denied;

    (3) the other party will not be substantially harmed by the stay; and

    (4) the public interest will be served by the granting of the stay.

*Community Federal Savings and Loan Assoc. v. Stratford Hotel Company (In re Stratford Hotel Company)*, 120 B.R. 515, 516–17 (E.D.Mo.1990) (affirming bankruptcy court's determination that stay pending appeal of order lifting stay was not merited). The

factual determinations of the bankruptcy court will be upheld unless they are clearly erroneous. *In re Apex Oil Company*, 884 F.2d 343 (8th Cir.1989).

■ In the instant case, the debtor has failed to even assert grounds for a stay of the proceeding; she neither raises nor addresses any of the four elements to be shown. The failure to even address the elements for the relief requested is sufficient reason to deny the motion for stay.

Even were the issues addressed, no grounds exist for a stay of the proceeding since there is no indication that the debtor will be harmed if she is required to amend her schedules or submit a new plan. Further, there is little likelihood that debtor will prevail on the merits. An order denying confirmation is not a final order. *Lewis v. United States*, 992 F.2d 767, 772 (8th Cir. 1993) ("This court holds that this bankruptcy order, which neither confirms a plan nor dismisses the underlying petition, is not final."). While the district court may, in its discretion, entertain an interlocutory appeal, *Lewis*, 992 F.2d at 771, this Court believes that success on the merits is unlikely due to the nature of the acts yet to be performed before the Bankruptcy Court.

The Order of September 7, 1993, required the debtor to amend her schedules to indicate more accurately household expenses because they appeared to be inaccurate, rendering amounts proposed in the plan sufficiently questionable to deny confirmation. The Court had only the Court file before it, without explanation as to the figures contained in the schedules since the debtor chose not to testify to defend her plan. Moreover, as noted by the Eighth Circuit, "Consideration of any additional plan would involve substantial discretion and cannot be deemed purely ministerial. Moreover, any decisions on alternative plans would likely engender more appeals." *Lewis* at 773. Since any controversy regarding amounts of income, expenses, and plan payments are not resolved, it would appear that there is little cause for the district court to consider an interlocutory appeal. Therefore, this Court would deny a stay of these proceedings be-

cause the debtor has little likelihood that the appeal will even be heard on the merits, much less succeed on the merits.

Finally, creditors in this case would be prejudiced by the delay. Until such time as a plan is confirmed, all funds paid to the trustee are held in trust by the trustee. They are not paid to the creditors. The longer the process to confirmation, the greater the harm to the creditors and the increase in adequate protection issues and problems for the creditors, the debtor, and the Court. It is in the best interest of the creditors, as well as the public interest, that this Chapter 13 proceeding progress in the confirmation process. Accordingly, it is

**ORDERED** that the Motion for Stay Pending Appeal filed on September 16, 1993, is DENIED.

**IT IS SO ORDERED.**