**In re ODD'S–N'END'S, INC., Debtor.**

**Bankruptcy No. 94–11394 K.**

United States Bankruptcy Court,
W.D. New York.

Aug. 3, 1994.

William F. Savino, Damon & Morey, Buffalo, NY, for debtor.

Kevin M. Newman, Menter, Rudin & Trivelpiece, P.C., Syracuse, NY, for Hard Road Associates and Widewaters Roseland Center Co.

Garry M. Graber, Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, NY, for Unsecured Creditors Committee.

MICHAEL J. KAPLAN, Chief Judge.

In the present proceeding the Court is asked (1) whether certain leases of real estate were duly terminated according to their terms before the filing of the Debtor/tenant's Chapter 11 Petition, and (2) if they were so terminated, what are the legal consequences thereof relative to the Chapter 11 reorganization effort.

The Court is of the view that since "termination" of a lease has no meaning in law apart from that to which the parties agreed in the contract, the Debtor brought into the reorganization proceeding whatever rights state law provides to one who is in possession of real estate under color of right.

Contrary to the Landlords' arguments, these rights do not amount to "nothing."

They are significant and are "property of the estate" under 11 U.S.C. § 541.

The facts are these. The Debtor in this Chapter 11 case operates a chain of retail stores. At one time there were more than 50 such stores, each operating on leased premises. The present motion concerns two of those leases.

The Chapter 11 Petition was filed on May 13, 1994, which was within days after the Debtor's efforts to cure defaults on the two leases were rejected by the two Landlords (Hard Road Associates and Widewaters Roseland Center Company). The Landlords are affiliates, and jointly have moved for a declaration that the leases were duly terminated in accordance with their terms prior to the filing of the petition; that the leases are not "executory" and are not property of the estate under 11 U.S.C. § 541 and may not be the subject of assumption or rejection under 11 U.S.C. § 365; and that the Debtor must surrender these premises. (They also seek alternative forms of relief.)

The Debtor and the Creditors' Committee argue that the leases were not properly terminated in accordance with their own provisions prior to the filing of the petition; that the Landlords currently have no right to compel the Debtor to vacate and surrender the leased properties; and that the Debtor should be given additional time to decide whether to assume or reject the subject leases.

Such a fact pattern is a common one arising in bankruptcy reorganization cases and has been well and thoroughly examined by numerous courts. The present Court writes only to express its concurrence in the analysis rendered by one such court. In the case of *In re W.A.S. Food Service Corporation, d/b/a Seascapes,* 49 B.R. 969 (Bankr.Ct. S.D.N.Y.1985) Bankruptcy Judge Brosman correctly synthesized the pertinent authority, including the teaching of the District Court of the Southern District of New York in the case of *In re G.S.V.C. Restaurant Corporation,* 10 B.R. 300 (Dist.Ct.S.D.N.Y.1980).

In my view, the teaching of those courts and of other cases is that even if a lease has been "terminated" in accordance with its terms prior to the filing of the petition under the Bankruptcy Code, it is not true that the Debtor brings nothing into the bankruptcy case when it files its petition. Thus, in the *Seascapes* case it was explained that although the mere potentiality of a restoration of the landlord-tenant relationship through a vacating of the warrant of eviction (that had been issued prior to the filing of the Chapter 11 Petition) did not itself vest the Debtor with a sufficient interest in the leased property to allow assumption and assignment of the lease, various rights had not been extinguished. The Debtor was still in possession of the premises, and rights still existed under state law for the Debtor to seek *vacatur* of the warrant of eviction and, possibly, revival of the landlord/tenant relationship. Therefore, the Court could continue the automatic stay for a reasonable period of time to allow the representative of the bankruptcy estate to pursue those rights.

As to the *Seascapes* case, the Landlords argue that "the state court's ability to vacate a warrant for good cause shown has no relevance in the case at bar, as the Landlords are not obligated to obtain warrants of eviction prior [sic] in the first instance; the Landlord may terminate the Leases according to their express terms."

Such argument is a *non-sequitur.* A Tenant who has diligently pursued relief in Bankruptcy Court before the Landlord has resorted to an eviction proceeding cannot have brought into Bankruptcy Court fewer rights than the less-diligent Debtors did in *Seascapes* and *G.S.V.C. Restaurant Corporation.* All this Court needs to do to bring *Seascapes* fully to bear is to restore the parties to the *status quo ante* by granting the Landlords' alternative request for lift of stay to proceed to evict the Debtor. If the Debtor elects not to vacate, and to put the Landlords to the burden of evicting, then the Debtor will have the full panoply of rights afforded tenants in eviction proceedings, including the right under § 743 of the New York Real Property Actions and Proceedings Law (the "RPAPL") to raise "any legal or equitable defense, or counterclaim." The only landlords who are "not obligated to ob-

tain warrants of eviction" are those blessed with compliant "former" tenants.

Regardless of what the parties might have agreed (in the lease) would constitute a "termination" of a lease, it is state law that governs the rights of the tenant after such "termination." Whatever those rights are, those are the rights that the Debtor brought into this Court upon the filing of the Chapter 11 Petition, and the Debtor is entitled to assert them in a court of appropriate jurisdiction.

Had a warrant of eviction issued from the state court prior to the filing of the petition, then this Court might be persuaded that the Debtor must be sent back to that forum to assert its state law rights. However, the Debtor here filed its petition under Chapter 11 before the Landlord had resorted to state court process. That being so, and the interests of creditors of the Debtor now having been implicated in the matter by virtue of the Chapter 11 filing, it would not be inappropriate for this Court to entertain the state law questions. Nonetheless, there appears to be no compelling reason not to let the appropriate state court address the issues of state law here raised, such as the question of whether the Landlord has duly terminated the lease in accordance with its own terms. This is an issue readily addressed every day by eviction courts, and addressed ably. This issue is but one of the matters that might be raised by a tenant in defending an eviction proceeding. They are set forth at Article 7 of the Real Property Actions and Proceedings Law. Not only may "equitable" defenses be raised under § 743 thereof, but there is even a provision for redemption by the tenant (§ 761 of the R.P.A.P.L.) and a provision for redemption by a creditor of the tenant (§ 763 of the R.P.A.P.L.). (The Court suspects, however, that the leases at issue contain a waiver of those redemption provisions.)

▮ The Landlords' alternative prayer for an Order lifting the automatic stay to pursue

their state law rights is granted; however, if the Debtor succeeds in state court or otherwise to void the termination and reimpose the ordinary operation of the leases, then the parties shall return to this Court to address bankruptcy-related matters thereunder, such as assumption or rejection under 11 U.S.C. § 365. The balance of the Landlords' Motion is denied.[1]

SO ORDERED.

---

1. The parties are encouraged to discuss the effect of this lift of stay upon the Debtor's various duties under 11 U.S.C. § 365 in the event that the Debtor should ultimately prevail in state court. For example, it would be a needless burden were this Court to have to determine someday the effect of the lapse of the time for assumption or rejection of leases, upon leases that were not "reinstituted" until after such lapse. If the parties cannot now agree to how such questions will be resolved outside of court, then either is free to move now for further relief in those regards.