**In re Albert Curtis HUTCHINS, Jr.**

**Albert Curtis HUTCHINS, Jr., Plaintiff,**

v.

**FORDYCE BANK AND TRUST COMPA-NY, FBT Bancshares, Inc., Roy McClain and Does 1 through 10, Defendants.**

**Bankruptcy No. 96–50949 S.**
**Adversary No. 97–5025.**

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Aug. 19, 1997.

Order Denying Reconsideration
Sept. 16, 1997.

David D. Coop, Chapter 13 Trustee.

Stephen L. Gershner, Little Rock, AR, for debtor.

Janet Pulliam, Little Rock, AR, Pamela Dixon, for defendants in Order Denying Motion for Stay Pending Appeal.

Janet Pulliam, Little Rock, AR, Pamela Dixon, Sue Hodges, for defendants in Order Denying Motion for Reconsideration.

### ORDER DENYING MOTION FOR STAY PENDING APPEAL

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the defendants' Motion for Stay Pending Appeal, filed on August 14, 1997.

The debtor filed his Chapter 13 petition in bankruptcy on September 30, 1996. Approximately one week after the filing of the case, Fordyce Bank and Trust Company ("the bank") authorized an attorney to investigate and evaluate debtor's work performance. Within one month of the filing of the bankruptcy case, the bank and FBT Bancshares, Inc. ("FBT") terminated debtor's employment contracts. The debtor initiated this separate lawsuit stating six causes of action: The first count alleges a cause of action for violation of the automatic stay, 11 U.S.C. § 362; the second for discriminating against the debtor for his bankruptcy filing, 11 U.S.C. §. 525, the third and fourth counts allege that actions taken by the boards of directors of debtor's employers were invalid because they were without notice; the fifth count alleges that the plaintiff was fired without cause, in breach of debtor's employment contracts; and the sixth cause alleges a civil conspiracy to interfere with plaintiff's contractual rights.

The parties each filed a motion for partial summary judgment directed only to Count I of the complaint asserting a violation of the automatic stay. The debtor asserted that his employment contracts with the defendants FBT and the bank were property of the estate, were executory contracts under sections 365 and 1322 of the Bankruptcy Code, and that the termination of these contracts constituted wilful violations of the automatic stay such that he was entitled to reinstatement and damages. The defendants countered that section 362 was not applicable to employment relationships, but that any claim for damages or other relief should proceed solely within the parameters of section 525 regarding discrimination. On July 15, 1997, the Court entered an Order denying the motions for summary judgment.[1] Although the Court believed that the subject contract constituted property of the estate, there existed a material issue of fact as to whether the defendants wilfully violated the automatic stay.

On August 14, 1997, the defendants filed a motion for leave to appeal the denial of their motion for summary judgment,[2] which motion is directed to the discretion of the appel-

---

1. The time for filing an appeal of this order was extended to August 14, 1997, pursuant to Fed. R.Bankr.Proc. 8002(c). The filing of the motion was thus timely.

2. Although Rule 8001 requires that a Notice of Appeal be filed together with the motion for leave to appeal, Fed.R.Bankr.Proc. 8001(b), the defendants filed only a Motion for Leave to Appeal. No notice of appeal was filed. Whether this creates a jurisdictional defect is an issue for the Bankruptcy Appellate Panel of the Eighth Circuit, the Court to whom this appeal will be transmitted. Local Rules of the U.S.Bankr. Appellate Panel for the Eighth Circuit 8001A.

late court,[3] and a Motion for Stay Pending Appeal, directed to this Court.

■ The bankruptcy court has discretion to grant a stay on such terms as are just, pursuant to Rule 8005, Federal Rules of Bankruptcy Procedure. However, the moving party must make a particular showing in order for a stay to be imposed. Specifically, the movant must demonstrate:[4]

(1) he is likely to prevail on the merits of the appeal;

(2) he will suffer irreparable injury if the stay is denied;

(3) the other party will not be substantially harmed by the stay; and

(4) the public interest will be served by the granting of the stay.

*Community Federal Savings and Loan Assoc. v. Stratford Hotel Company (In re Stratford Hotel Company)*, 120 B.R. 515, 516–17 (E.D.Mo.1990) (affirming bankruptcy court's determination that stay pending appeal of order lifting stay was not merited). The factual determinations of the bankruptcy court will be upheld unless they are clearly erroneous. *In re Apex Oil Company*, 884 F.2d 343 (8th Cir.1989).

The defendants assert that it is in the interests of justice to stay all matters in the adversary proceeding until the appellate court rules on the motion for leave to appeal and, should leave to appeal be granted, until the appellate court rules on the substantive issue raised. The substantive issue raised by the motion for leave to appeal is whether the employment contract was property of the chapter 13 estate such that the bank was required to seek relief from the automatic stay prior to terminating that employment contract. The defendants cannot meet any of the four elements necessary for a stay pending appeal such that the motion will be denied.

First, there is an insufficient showing, based upon their motion for stay as well as the contents of the motion for leave to file an interlocutory appeal, that the defendants are likely to prevail upon the merits of either motion.

*Merits of the Motion for Interlocutory Appeal*

■ The Court does not believe that the defendants will be successful on their motion because they do not meet the standard imposed for an interlocutory appeal. In order for an appellate court to permit an interlocutory appeal, the movant must demonstrate that exceptional circumstances exist, *White v. Nix*, 43 F.3d 374, 376 (8th Cir.1994) not merely that the issue is hard or the case is difficult, *Arkansas–Best Freight System, Inc. v. Youngblood*, 359 F.Supp. 1125, 1129 (W.D.Ark.1973) (quoting *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir.1966)). Leave to appeal is not granted "unless refusal would result in wasted litigation and expense, the appeal involves a controlling question of law as to which there is a substantial basis for difference of opinion and an immediate appeal may materially advance the ultimate termination of the litigation." *Official Committee of Unsecured Creditors v. Credit Lyonnais Bank Nederland, N.V. (In re NSB Film Corporation)*, 167 B.R. 176, 180 (9th Cir. BAP 1994). This standard, applicable for appeals to the circuit courts, 28 U.S.C. § 1292(b), is generally applied in bankruptcy appeals. *Twenver, Inc. v. MCA Television, Ltd (In re Twenver, Inc.)*, 127 B.R. 467, 470 (D.Colo.1991).

■ In the instant case, an immediate appeal does nothing to advance the ultimate termination of the litigation. Indeed, an immediate appeal merely delays the conclusion of the litigation, imposes excessive costs upon the parties, and requires an appellate court to expend resources in considering an issue which may be moot upon the conclusion of trial. *See Flanagan v. United States*, 465 U.S. 259, 259–61, 104 S.Ct. 1051, 1052, 79

---

3. Rule 8003 requires that the motion for leave to appeal be filed with the bankruptcy clerk. The opposing party has ten days from service of the motion to file a response whereupon the clerk transmits the motion and response to the appellate court.

4. The failure to address the elements for the relief requested is sufficient reason to deny the motion for stay. *In re Sutherland*, 161 B.R. 657, 660 (Bankr.E.D.Ark.1993).

L.Ed.2d 288 (1984);[5] *In re Eleccion,* 178 B.R. 807, 809 (9th Cir. BAP 1995) (final judgment rule prevents piecemeal litigation, conserves judicial energy and eliminates need for delays caused by interlocutory appeals); *Jajo v. Ehre (In re Adirondack Railway Corporation),* 38 B.R. 736, 739 (N.D.N.Y.1984) ("[T]he appellant still has an opportunity to prove to the bankruptcy judge [his allegations]. If he prevails on that claim, there will be no necessity of deciding the issues raised on this appeal."). *Cf. Streetman v. Russell (In re Russell),* 957 F.2d 534, 535 (8th Cir.1992) ("The common law fraud claim may be defeated, mooting out the punitive damages claim. Appellate consideration should be deferred until the rest of the case is adjudicated before the bankruptcy court.").

The most compelling reason for denying stay of the proceeding pending appeal is that, even if this Court is reversed on the section 362 issue, all of the same facts and circumstances will yet be tried in the remaining counts. That is, even had the Court granted the defendants' motion for summary judgment, Counts II, III, IV, V, and VI, all of which involve the same transactions and circumstances, remain for trial. Virtually all of the evidence necessary for a determination of Count I regarding the violation of the automatic stay will be placed before the Court in the trial of the remaining counts. Even if stay is granted and this Court's Order is subsequently reversed, trial will be held at some point in time. Most, if not all of the evidence to be introduced in an action under section 362 of the Bankruptcy Code will be presented to the Court in the trial of the bankruptcy discrimination, conspiracy, breach of contract, and other causes of action. Thus, even if this Court is reversed, imposition of a stay would serve no purpose other than to delay trial of the remaining counts. Both defendants and plaintiff would, in effect, be denied justice. *Cf. Marshall v.* *Georgia Pacific Corporation,* 484 F.Supp. 629, 634 (E.D.Ark.1980) (Roy, J.) ("Justice delayed is justice denied and these plaintiffs deserve their day in court."); *United States v. Brennan,* 134 F.Supp. 42, 54 (D.Minn. 1955) ("Here, the prosecution urges an early trial notwithstanding the Ryan appeal ... [T]o delay the trial will prejudice its case ... [T]he evidence will grow cold and the memories of witnesses may slip.").

## Merits of the Issue Sought to be Appealed

■ The Court agrees that the issue is one of first impression in this Circuit. However, while it is true that there is a dearth of law on this issue, that alone is not grounds for seeking an immediate appeal. *See White v. Nix,* 43 F.3d 374, 378 (8th Cir.1994). The defendants' assertion that this Court has "ignored" cases on point is disingenuous. First, the cases cited by defendants are not on point. *Watts v. Pennsylvania Housing Finance Company,* 876 F.2d 1090 (3d Cir.1989) addresses section 365(c)(2), a separate provision that very specifically prohibits assumption of contracts to make a loan. Not only the circumstances, but also the terms of the statute, are distinct. The second case, *Tonry v. Hebert (In re Tonry),* 724 F.2d 467 (5th Cir.1984), likewise is inapplicable inasmuch as it holds that an attorney fee contract was not assumable because the clients, had the right, under Louisiana law, to decline the services of a substitute attorney. In the instant case, the defendants have cited no state law provision which nullifies the contract in place between the plaintiff and defendant entities. Nor does the unexplained assertion that the Court's Order "enlarges the debtor's pre-bankruptcy contractual rights beyond those bargained for by either party...." have any basis in fact. Rather, the Order indicates that the debtor (or the estate) merely *retains* those contractual rights.

---

5. As noted by the Supreme Court,
 The final judgment rule serves several important interests. It helps preserve the respect due trial judges by minimizing appellate court interference with the numerous decisions they must make in the pre-judgment states of litigation. It reduces the ability of litigants to harass opponents and to clog the courts through a succession of costly and time-consuming appeals. It is crucial to the efficient administration of justice.... For these reasons, '[t]his Court has long held that the policy of Congress ... is inimical to piecemeal appellate review of trial decisions which do not terminate the litigation'.
 *Flanagan v. United States,* 465 U.S. 259, 259–61, 104 S.Ct. 1051, 1052, 79 L.Ed.2d 288 (1984).

Neither the Court's Order, nor the cases cited by the defendants support any assertion that there is an enlargement of any contractual rights. The Order does not even decide whether the contract may be assumed. Indeed, the Court indicated that the decision as to whether the contracts are subject to assumption, rejection, or assignment was not being determined. *Order on Motions for Summary Judgment* No. 97–5025, p. 5 n. 4 (Bankr.E.D.Ark. July 15, 1997).

### The Remaining Elements: Injury and the Public Interest

The defendants have failed to make any colorable showing that they will suffer irreparable injury if the stay is denied. Rather, as discussed above, since, even if the Order is reversed, all the facts and circumstances will proceed to trial on the remaining counts of the complaint, at some point, there is no injury in denying the stay. Indeed, if the matter is stayed, all parties are injured by the delay. *See generally White v. Nix,* 43 F.3d 374, 376 (8th Cir.1994); *United States v. Brennan,* 134 F.Supp. 42, 54 (D.Minn.1955). Moreover, the public interest is harmed by the needless expenditure of judicial resources in seeking piecemeal appeals of matters that will be tried in any event, and the delay in administration of the case. It is

**ORDERED** that the defendants' Motion for Stay Pending Appeal, filed on August 14, 1997, is DENIED.

**IT IS SO ORDERED.**

### ORDER DENYING MOTION FOR RECONSIDERATION

THIS CAUSE is before the Court upon the defendants' Motion for Reconsideration of Denial of Motion for Stay Pending Appeal, filed on August 29, 1997.

The debtor filed his Chapter 13 petition in bankruptcy on September 30, 1996. The defendants, Fordyce Bank and Trust Company ("the bank") and FBT Bancshares, Inc. ("FBT") authorized an attorney to investigate and evaluate debtor's work performance and, subsequently, terminated debtor's employment contracts. The debtor initiated this separate lawsuit stating six causes of action: The first count alleges a cause of action for violation of the automatic stay, 11 U.S.C. § 362; the second for discriminating against the debtor for his bankruptcy filing, 11 U.S.C. § 525, the third and fourth counts allege that actions taken by the boards of directors of debtor's employers were invalid because they were without notice; the fifth count alleges that the plaintiff was fired without cause, in breach of debtor's employment contracts; and the sixth cause alleges a civil conspiracy to interfere with plaintiff's contractual rights.

The parties each filed a motion for partial summary judgment directed only to Count I of the complaint asserting a violation of the automatic stay. The debtor asserted that his employment contracts with the defendants FBT and the bank were property of the estate, were executory contracts under sections 365 and 1322 of the Bankruptcy Code, and that the termination of these contracts constituted wilful violations of the automatic stay such that he was entitled to reinstatement and damages. The defendants countered that section 362 was not applicable to employment relationships, but that any claim for damages or other relief should proceed solely within the parameters of section 525 regarding discrimination. On July 15, 1997, the Court entered an Order denying the motions for summary judgment. Although the Court believed that the subject contract constituted property of the estate, there existed a material issue of fact as to whether the defendants wilfully violated the automatic stay.

On August 14, 1997, the defendants filed a motion for leave to appeal the denial of their motion for summary judgment and a Motion for Stay Pending Appeal. By Order entered on August 19, 1997, the Court denied the motion for stay pending appeal. The defendants request reconsideration of this Order, for the first time addressing each of the prongs of the test for obtaining a stay.[1] The

1. Specifically, the movant must demonstrate:
 (1) he is likely to prevail on the merits of the appeal;

(2) he will suffer irreparable injury if the stay is denied;

substantive issue raised by the motion for leave to appeal is whether the employment contract was property of the chapter 13 estate such that the bank was required to seek relief from the automatic stay prior to terminating that employment contract. The arguments now asserted in the Motion for Reconsideration are still insufficient to meet the four elements necessary for a stay pending appeal such that the motion will be denied.

## Basic Bankruptcy Law

■ Upon the filing of a petition in bankruptcy, by operation of law, an "estate" is created which is comprised of "all legal or equitable interests of the debtor in property." 11 U.S.C. § 541(a). Thus, all of debtor's property becomes estate property. *In the Matter of Salzer,* 52 F.3d 708, 711 (7th Cir.1995), *cert. denied,* 516 U.S. 1177, 116 S.Ct. 1273, 134 L.Ed.2d 219 (1996). An interest of the debtor in property becomes property of the estate *notwithstanding any ... applicable nonbankruptcy law—(A) that restricts or conditions transfer of such interest by the debtor.... * 11 U.S.C. § 541(c)(a)(A). Thus, a debtor's interest in a contract, even if it is nonassumable, constitutes property of the estate. *See Bell v. Alden Owners, Inc.,* 199 B.R. 451, 462 (S.D.N.Y.1996).

■ Also, at the time a voluntary case is filed, an automatic stay of actions against the debtor and against the estate is imposed. 11 U.S.C. § 362(a). The stay is a *fundamental* debtor protection granted by the Bankruptcy Code, *University Medical Center v. Sullivan (In re University Medical Center),* 973 F.2d 1065, 1074 (3d Cir.1992), is broadly stated and liberally construed. *See In re Computer Communications, Inc.,* 824 F.2d 725, 729 (9th Cir.1987); H.R.Rep. No. 595, 95th Cong., 1st Sess. 240 (1978) (The stay "gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits a debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy."). The stay is not, as defendants assert, merely "designed to protect debtors from adverse decisions by creditors." It applies to employers as well as creditors. 11 U.S.C. § 362(a) ("[A] petition ... operates as a stay, *applicable to all entities....*") (emphasis added).

## Application of Sections 541 and 362 to the Facts

■ Prior to the filing of this bankruptcy case, the debtor held an interest in employment contracts with the defendant entities. Upon the filing of the petition in bankruptcy, the estate succeeded to those rights. Upon the filing of the petition in bankruptcy, the automatic stay prohibited any action against both the debtor and estate property, including the rights associated with the contracts in which the debtor had an interest. Whether a contract may or may not be executory and may or may not be assumable does not except that contract from the estate or except it from the application of the automatic stay. Until such time as the executory contract is assumed, rejected, or determined to be unassumable, it is protected by the automatic stay. *See In re Computer Communications, Inc.,* 824 F.2d 725, 729 (9th Cir.1987) ("[E]ven if § 365(e)(2) allowed Codex to terminate the contract, § 362 automatically stayed termination."); *In re Odd's-N'Ends's, Inc.,* 171 B.R. 10 (Bankr.W.D.N.Y. 1994). Indeed, the Supreme Court has noted that until the time period under section 365(a) expires, the terms of an executory contract are even unenforceable against the debtor. *NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 532, 104 S.Ct. 1188, 1199, 79 L.Ed.2d 482 (1984); *University Medical Center,* 973 F.2d at 1075. While it is true that the fact that a contract may be unassumable may be grounds for lifting of the automatic stay, *In the Matter of West Electronics Inc.,* 852 F.2d 79 (3d Cir.1988); *Bell*

(3) the other party will not be substantially harmed by the stay; and
(4) the public interest will be served by the granting of the stay.
*Community Federal Savings and Loan Assoc. v. Stratford Hotel Company (In re Stratford Hotel*

*Company),* 120 B.R. 515, 516–17 (E.D.Mo.1990). The failure to address the elements for the relief requested is sufficient reason to deny the motion for stay. *In re Sutherland,* 161 B.R. 657, 660 (Bankr.E.D.Ark.1993).

**8**

*v. Alden Owners, Inc.*, 199 B.R. 451, 462 (S.D.N.Y.1996), the unassumability of a contract does not obviate the effect or application of the automatic stay. *See In re Computer Communications, Inc.*, 824 F.2d 725, 729 (9th Cir.1987); *In re Odd's–N'Ends's, Inc.*, 171 B.R. 10 (Bankr.W.D.N.Y.1994).

 The defendants now find themselves embroiled in litigation because they acted without the appropriate relief from stay. If, in a doubtful case, an entity acts wilfully against a debtor or property of the estate, without first seeking relief from the stay, it may be subject to the appropriate liability. As noted by one of the cases urged by defendants, "In fact, people constantly take their chances as to their legal rights and act without court orders." *Watts v. Pennsylvania Housing Finance Company*, 876 F.2d 1090, 1096 n. 11 (3d Cir.1989).

 The defendants urge the Court to apply the holding of *Tonry v. Hebert (In re Tonry)*, 724 F.2d 467 (5th Cir.1984),[2] in which the Fifth Circuit stated, without analysis, that "Until the trustee assumes an executory contract, it does not become part of the bankruptcy estate. Unlike other assets of the debtor, the interest in an executory contract does not automatically vest in the bankruptcy estate at the time of filing. That status only attaches upon the trustee's assumption of the executory contract." *Id.* at 469. To the extent that case, in fact, holds that *any* executory contract is not property of the estate, it is wrong. *Cf. In re WRT Energy Corporation*, 202 B.R. 579, 582 (Bankr.W.D.La.1996) (noting that the case was an "aberration" and relied upon pre-Code law). It is also noteworthy that the court, citing to *Tonry* for the proposition that an executory contract is not property of the estate, utilized it in the narrow circumstances of an attorney contingency-fee contract. *Cf. id.* at 582 ("The court believes it noteworthy that both *Tonry* and *[Turner v.] Avery* [947 F.2d 772 (5th Cir.1991)] dealt with attorney contingent fee contracts. For this reason,

those cases may be considered aberrations as the court may have been making a policy statement regarding attorneys as debtors in chapter 7 proceedings.").

Second, the cases cited by defendants, including *Tonry* are inapplicable because they arise in an entirely different context with different applicable law. *Tonry* and *Watts* are cases filed under Chapter 7 of the Bankruptcy Code. In Chapter 13, unlike Chapter 7, property of the estate also includes *post-petition* earnings. 11 U.S.C. § 1306. Moreover, the ability to assume executory contracts in the Chapter 7 context is more limited than in the reorganization context. *See generally Calder v. Segal (In re Calder)*, 94 B.R. 200, 202–03 (Bankr.D.Utah 1988), *aff'd*, 912 F.2d 454 (10th Cir.1990) (noting the inapplicability of *Tonry*, a Chapter 7 case, in the reorganization context).

*Tonry* is not applicable to this factual situation for yet another reason. In *Tonry*, the debtor was an attorney who held an attorney-client contingency fee contract. Under Louisiana law, the client had the right to terminate Tonry at any time without cause. Thus, the factual situation in *Tonry* is similar to the usual Chapter 13 debtor who is a employee-at-will, as discussed in this Court's Order denying the motions for summary judgment:

> Section 541(a) of the Bankruptcy Code provides for inclusion of all property and rights to property in the estate. A debtor's interest in an employment contract, as discussed above, is property of the estate. Most Chapter 13 debtors, however, have no written contract and hold only those employment rights afforded them by law. In Arkansas, these rights are few, and individuals may be terminated at the will of the employer. *St. Edward Mercy Medical Center v. Ellison*, 58 Ark.App. 100, 946 S.W.2d 726, 728 (1997). Accordingly, debtors may be terminated from their employment positions during the pendency of a Chapter 13 case without the necessity of

2. The defendants also urge this Court to rely upon *Watts v. Pennsylvania Housing Finance Company*, 876 F.2d 1090 (3d Cir.1989). The Court, again, declines to follow this case inasmuch as it addresses section 365(c)(2), a separate

provision that very specifically prohibits assumption of contracts to make a loan. Not only the circumstances, but also the terms of the statute, are distinct.

the employer seeking relief from stay.[3] In the instant case, however, the debtor holds interests in particular employment contracts which afford him certain rights, including, as discussed above, the right to be terminated only for cause.

*Hutchins v. Fordyce Bank and Trust (In re Hutchins),* 211 B.R. 325 (Bankr.E.D.Ark. 1997), *motion for interlocutory appeal filed,* No. 97–6072 (8th Cir. BAP Aug. 14, 1997). In the instant case, the debtor, Hutchins, was not, like the usual Chapter 13 debtor or the debtor in *Tonry,* subject to at-will termination. Hutchins had contracts which included provisions which precluded his termination except for cause. The rights embodied in those contracts did not evaporate when he filed bankruptcy. Unlike the debtor in *Tonry,* who had no specific contractual rights, the rights under Hutchins' contracts became property of the estate and were protected by the automatic stay.

### The Defendants Arguments

Although this is a motion for reconsideration, *i.e.,* a motion under Rule 59(e), Federal Rules of Civil Procedure to alter or amend the court's previous order denying stay pending an interlocutory appeal, the defendants for the first time address each of the prongs of the test that should have been addressed in their first motion seeking to obtain a stay pending appeal. It is well-settled that motions under Rule 59(e) are aimed at reconsideration, not initial consideration. *Bannister v. Armontrout,* 4 F.3d 1434, 1440 (8th Cir.1993); *In re DEF Investments, Inc.,* 186 B.R. 671, 680–81 (Bankr. D.Minn.1995). Motions for reconsideration are granted sparingly and viewed as an extraordinary remedy. *DEF Investments,* 186

B.R. at 681. A party may not invoke Rule 59(e) to raise arguments that should have been raised in the first instance, or to rehash arguments already considered and rejected by the court. *Hagerman v. Yukon Energy Corporation,* 839 F.2d 407, 413 (8th Cir. 1988), *cert. denied,* 488 U.S. 820, 109 S.Ct. 63, 102 L.Ed.2d 40 (1988); *Resolution Trust Corporation v. Greif,* 906 F.Supp. 1446 (D.Kan.1995). Rather, reconsideration is proper when there has been a manifest error of law or fact, when new evidence has been discovered, or when there is a change in the law. *Hagerman,* 839 F.2d at 413; *Greif* at 1456. Despite the fact that the defendants are either raising new legal theories or reasserting the same arguments and cases previously addressed, the Court will consider the arguments.

*Controlling Question of Law.* Whether or not the issue has been decided by the Eighth Circuit Court of Appeals does not alone make it deserving of interlocutory appeal. The issue before the Court, whether the automatic stay prohibited the post-petition termination of the debtor's employment contract, cutting off his post-petition earnings, is determined by very basic, broad bankruptcy concepts.

*Substantial Ground for Appeal.* Under this prong of the test, the defendants' arguments place reliance on the *Tonry* and *Watts* cases, both involving Chapter 7 debtors. For the reasons cited above, the Court rejects the application of these cases to this Chapter 13 factual situation. Whether or not a contract is assumable is not determinative of whether that employment contract resulting in the debtor's post petition earnings is property of the estate.[4]

---

**3.** Of course, an employer is not permitted to terminate a debtor solely due to the filing of a petition in bankruptcy, 11 U.S.C. § 525, or otherwise violate the "well-established public policy of the state." *St. Edward Mercy Medical Center v. Ellison,* 58 Ark.App. 100, 946 S.W.2d 726 (1997).

**4.** Similarly, whether or not particular property may be claimed as exempt does not, in the first instance, exclude it from the estate. 11 U.S.C. § 522. Indeed, property may ultimately be excluded from the estate or its value, due to restrictions regarding its transfer or nonassumability, may be so limited as to be burdensome to the

estate because there will be no value which can be obtained for distribution to unsecured creditors. But that ultimate finding of fact does not mean the property will not be listed and accounted for as property of the estate. The debtor must list all legal and equitable interests in all property. 11 U.S.C. § 521. It is not for the debtor to decide whether or not to list such an interest or whether it is important enough to be reported. All assets and transactions must be reported, even if the assets are worthless or unavailable to creditors. *Barnett Bank of Tampa v. Muscatell,* 113 B.R. 72, 74 (Bankr.M.D.Fla.1990); *see Pala-*

*Material Advancement of the Litigation.* The defendants assert that the issue of whether the automatic stay applies to the contract goes to the "ultimate issue of the case." In fact, the issue goes only to one element of one cause of action of the six count complaint. The defendants are thus incorrect in asserting that the issue cannot be mooted. If, at the conclusion of trial, the court finds that there was not a willful violation of the automatic stay, judgment on Count I is entered against the plaintiff and in favor of the defendant. That is, the defendants win on that count. Any issue of whether the stay was in fact, technically, violated becomes moot because the cause of action fails on an important element of the cause, *i.e.*, willfulness, an element on which the plaintiff bears the burden of proof.

*Likelihood of Success on the Merits.* The defendants' argument actually states a compelling reason why they cannot succeed on the merits of their motion to file an interlocutory appeal. They not only indicate that further appeal will follow, but they appear to assert that this litigation will engender two separate appeals: this initial interlocutory appeal, and a second appeal presumably to contest the remainder of the complaint should judgment be rendered against them as to all or part of it. The Court can conceive of few arguments more compelling against an interlocutory appeal than the fact that further appeals will follow.

*Irreparable Injury to Defendants; Injury to Plaintiff.* Defendants assert that irreparable injury will inure to them if an interlocutory appeal is not granted and the matter not stayed because the violation of the stay issue is the "focal point" of the litigation such that no other decisions should be made until this issue is decided. Again, defendants fail to take into account not only that there exist factual issues in Count I, but that there are five other counts of the complaint, none of which are resolved by the automatic stay issue. Counts II, III, IV, V, and VI, all of which involve the same transactions and circumstances, remain for trial. Virtually all of the evidence necessary for a determination of Count I regarding the violation of the automatic stay will be placed before the Court in the trial of the remaining counts. Even if a stay is granted and this Court's Order is subsequently reversed, trial will be held on all elements of all of these causes of action. A determination of whether the automatic stay applied to the employment contracts has no effect upon whether the debtor will be successful on his cause of action under section 525 or any of the other, state-law causes of action. Conversely, even if a court concludes that terminating the debtor's employment after he filed bankruptcy did not wilfully violate the automatic stay, that does not resolve the issue of whether Hutchins' status as a debtor in bankruptcy was *solely* the reason for his termination. 11 U.S.C. § 525(b). Thus, even if this Court is reversed, an interlocutory appeal and imposition of a stay serves no purpose other than to delay trial of the remaining counts. Both defendants and plaintiff would, in effect, be prejudiced by delay.

*Public Interest.* The defendants assert that this Court's ruling will require all employers to seek relief to terminate a nonassumable employment contract and that the Court has expanded the rights of debtor's beyond what the Code intended. If a debtor seeking reorganization holds a contract with particular, enforceable rights, the debtor and the rights under the contract are protected by the automatic stay. An entity seeking release from that contract or otherwise taking action adverse to that contract is required to seek relief from the automatic stay. That is what the Bankruptcy Code requires. In the instant case, the Bankruptcy Code did in fact require the employer to seek relief from stay, and, indeed, if the contract is unassumable, relief from stay in such circumstances may be appropriate. *In the Matter of West Electronics Inc.,* 852 F.2d 79 (3d Cir.1988); *Bell v. Alden Owners, Inc.,* 199 B.R. 451, 462 (S.D.N.Y.1996). The fact that the automatic stay protects and maintains the *status quo,* rather than nullifying existing rights, as defendants appear to believe, is not the equivalent of "expanding rights of debtors."

*tine National Bank of Palatine v. Olson,* 916 F.2d 481, 484 (8th Cir.1990).

The defendants appear to assert that this Court is requiring that any employer who seeks to terminate a debtor's employment must seek relief from the automatic stay. This proposition is, indeed, as defendant's assert, "mind boggling." However, the defendants are misconstruing or, at least, misapprehending the Code and this Court's ruling. As discussed above, a debtor whose employment is at-will has no rights to be protected or enforced by the automatic stay. This case is different because there are contracts, both of which became property of the estate, which granted particular rights. There is no evidence before the Court that the defendant was an at-will employee, but rather, the evidence is that he had employment contracts which afforded him particular rights. The fact that he filed bankruptcy does not permit the defendants to act contrary to those rights. They may have other arguments to make and evidence to submit, but that is better left for trial.

### Conclusion

The defendants have failed to make any colorable showing that they will suffer irreparable injury if the stay is denied. Rather, as discussed above, even if the Order granting the motion for summary judgment is reversed, all the facts and circumstances will proceed to trial on the remaining counts of the complaint, at some point. There is no injury in denying the stay. Indeed, if the matter is stayed, all parties are injured by the delay. *See generally White v. Nix,* 43 F.3d 374, 376 (8th Cir.1994); *United States v. Brennan,* 134 F.Supp. 42, 54 (D.Minn.1955). Moreover, the public interest is harmed by the needless expenditure of judicial resources in seeking piecemeal appeals of matters that will be tried in any event, and the delay in administration of the case. It is

**ORDERED** that the defendants' Motion for Reconsideration of Denial of Motion for Stay Pending Appeal, filed on August 29, 1997 is DENIED.

**IT IS SO ORDERED.**