**In re Loy and Bettina LOGUE, individually and d/b/a Logue Farms, Debtors.**

**Loy and Bettina Logue, individually, Plaintiff,**

v.

**Jerome Johnson, Defendant.**

**Bankruptcy No. 5:01–BK–81438.**
**Adversary No. 5:01–AP–08074.**

United States Bankruptcy Court,
W.D. Arkansas,
Fayetteville Division.

July 23, 2003.

D. Westbrook Doss, Jr., for Defendant.

Theresa L. Pockrus, Rogers, Arkansas, for Plaintiff.

## ORDER

RICHARD D. TAYLOR, Bankruptcy Judge.

Before the Court is the defendant's motion for reconsideration of the order entered by this Court on June 23, 2003, awarding the debtors actual damages in the amount of $120.00 and attorney fees of $2,500.00.

Defendant cites no authority for his motion for reconsideration under the Bankruptcy Code or Federal Rules of Bankruptcy Procedure. A motion for reconsideration is allowable under either Federal Rule of Bankruptcy Procedure 9023,[1] which incorporates Federal Rule of Civil Procedure 59(e), Motion to Alter or Amend Judgment, or under Federal Rule of Bankruptcy Procedure 9024,[2] which incorporates Federal Rule of Civil Procedure 60, Relief From Judgment or Order. Under Rule 9023, "reconsideration is proper when there has been a manifest error of law or fact, when new evidence has been discovered, or when there is a change in the law."[3] The defendant now asserts in his motion that awarding damages for the debtors' inability to use trailers in possession of the defendant results in the Court "condon[ing] behavior that violates Arkansas law."

The defendant asserts the debtors would have used the trailers unlawfully.

■ In the first instance, the defendant's motion for reconsideration under Rule 9023 is not timely. Any motion for reconsideration under Rule 9023 must be filed no later than 10 days after the entry of the judgment.[4] The Court issued its order on June 23, 2003. The defendant filed his motion for reconsideration on July 7, 2003, more than 10 days after the order was entered. Therefore, the Court has no jurisdiction to hear the motion for reconsideration under Rule 9023.

■ Conversely, under Federal Rule of Bankruptcy Procedure 9024, "relief from an order can be granted for a clerical mistake or for mistake, inadvertence, surprise, excusable neglect, newly-discovered evidence, fraud, misrepresentation, misconduct, where the order is void or has been satisfied, released, or discharged or is no longer equitable, or for any other reason justifying relief from the order."[5]

---

1. *Hutchins v. Fordyce Bank and Trust Co. FDC* (*In re Hutchins*), 216 B.R. 1, 9 (Bankr. E.D.Ark.1997).

2. *Crofford v. Conseco Fin. Serv. Corp.* (*In re Crofford*), 277 B.R. 109, 113 (8th Cir. BAP 2002)

3. *Hutchins,* 216 B.R. at 9.

4. Federal Rule of Bankruptcy Procedure 9023(e).

5. *Crofford,* 277 B.R. at 113; *see also* Federal Rule of Bankruptcy Procedure 9024.

The defendant has failed to allege any of the stated reasons for the Court to reconsider its order except, perhaps, "any other reason justifying relief from the operation of the judgment."

The reason given by the defendant to justify relief from the order is that the Court improperly granted actual damages to the debtors. The defendant argues that by granting the debtors damages, the Court "condones behavior that violates Arkansas law." The violation alleged was that the debtors may have used the trailers on Arkansas roads without proper registration. The fact that debtors may have been in violation of Arkansas law had they had the ability to use the trailers is not relevant to this Court's finding that the defendant violated the automatic stay by failing to return the trailers to the debtors. The damages awarded to the debtors were a result of the Court's finding that the defendant violated the automatic stay, and were to compensate the debtors for their inability to use their property possessed by the defendant.

Granting a motion for reconsideration under Rule 9024 is generally viewed with disfavor by the courts.[6] The issues raised by the defendant in his motion for reconsideration are issues that could have been raised at the hearing, and do not introduce sufficient reason to justify relief from this Court's June 23, 2003, order.

For the reasons stated above, the defendant's motion for reconsideration is denied.

IT IS SO ORDERED.

---

6.  *Bowman v. Jack Bond* (*In re Bowman*), 253    B.R. 233, 240 (8th Cir. BAP 2000).